**LUCKY-KIDD MINING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 14745—Opinion Filed May 5, 1925.

1. **Master and Servant—Workmen's Compensation Law — Injuries Embraced — How Determined.**

Under Comp. Stat. 1921, sec. 7285, a compensable accidental injury must disclose from its circumstances the existence of two essential elements. It must have resulted "in the course of" employment, and it must also have arisen "out of" the employment. The absence of either of these essential elements destroys the application thereto of the beneficent provisions of the Compensation Law.

2. **Same—Industrial Commission's Findings of Fact—When Not Conclusive.**

Under Comp. Stat. 1921, sec. 7294, findings of fact made by the State Industrial Commission are conclusive when there is any evidence to support the same. But where there is an entire absence of evidence on which to base a material finding necessary to support an award of compensation, this court must declare as a matter of law that an award based on such unsupported material finding is unauthorized.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Original proceeding brought by Lucky-Kidd Mining Co. et al., to have reviewed by this court an award of the State Industrial Commission in favor of Clyde Brewer entered September 4, 1923. Award vacated.

Clyde Brewer filed his claim with the State Industrial Commission December 26, 1922. for compensation for an injury sustained by him December 17, 1922, alleged to have been suffered accidentally and in the course of his employment by the Lucky-Kidd Mining Company. Hearing was thereafter had and on September 4, 1923, the State Industrial Commission entered its order finding that the claimant was injured accidentally, and that such injury arose out of and in the course of his employment, and fixed his compensation at the rate of $12.26 per week from December 17, 1922, for a period of 250 weeks, until the sum of $3,065 is paid. The Lucky-Kidd Mining Company and Associated Employers' Reciprocal, the insurance carrier, have brought this proceeding for the purpose of having this order of the State Industrial Commission reviewed. attaching to the petition in error a transcript of all the proceedings had before the Industrial Commission. The facts necessary to an understanding of the legal proposition involved in this proceeding will be stated in the opinion.

Burford, Miley, Hoffman & Burford. for petitioners.

Lydick & Wilson and George F. Short, Atty. Gen., for respondents.

Opinion by LOGSDON, C. This proceeding raises a rather difficult question as to

the true meaning and correct interpretation of the clause, "accidental personal injury sustained by the employe **arising out of and in the course of his employment,**" as contained in our Workmen's Compensation Law. (Comp. Stat. 1921, sec. 7285.)

Succinctly stated, the facts are: Claimant, for several months prior to the accident, had been in the employment of peti tioner as a hoisterman. His duties required him to stay in the hoisting tower, elevated above the mine shaft entrance and to operate the hoisting machinery by which the miners were lowered into and brought out of the mine, and by which the dirt and ore were removed from the mine to the surface. His working hours were from 7:30 a. m. to 1 p. m. On the day of the accident the claimant got another man, a blacksmith, to go into the hoisting tower about 9:30 a. m. for the purpose of operating the hoisting machinery while claimant went down into the mine for the purpose of collecting at the foot of the shaft a load of refuse timbers which claimant intended to remove and haul to his home for use as firewood. The petitioner did not know of or authorize the substitution of this blacksmith in the hoisting tower. Claimant remained in the mine collecting this fuel for his pers nal use for about two hours. When he was ready to come to the surface, two miners working in the mine were also ready to leave the mine for their noonday meal. The three men entered the hoisting cage and the blacksmith in the tower brought them to the s rface, but by some error operated the wrong lever or button when attempting to stop the machinery. Instead of stopping it he applied more power and the hoisting cage, with the men in it, shot upward till stopped by what is called the "sheave block." All of the three were injured, claimant's injuries resulting in amputation of his left arm. Respondent settled with the two injured miners, but denied liability by reason of claimant's injuries, and this proceeding resulted.

American compensation legislation is all based upon and varies but little from the English Compensation Act. In England and in all of the United States, except a very few, the provisions for compensation employ identical language in describing the injuries for which compensation shall be paid, viz., for accidental injuries "arising out of and in the course of employment." With this practical unanimity of legislative expression, judicial opinion in its interpretation is far from unanimous. This may be due in part to a failure to recognize the distinction be-

tween the two component phrases used in this clause. In Honnold on Workmen's Compensation, vol. 2, sec. 101, it is said:

"The importance of distinguishing between these terms arises from the fact that each represents an element essential to, but not authorizing, recovery of compensation without the presence of the element represented by the other. In other words, even though the injury occurred 'in the course of' the employment. if it did not 'arise out of' the employment there can be no recovery. * * * An employe doing what he was employed to do, and doing it in the way he was expected to do it, when the accident happened, is injured by accident arising out of and in the course of the employment."

This text is supported by the following: Bryant v. Fissell (N. J.) 86 Atl. 458; McNicol's Case (Mass.) 102 N. E. 697; Bayer v. Bayer (Mich.) 158 N. W. 109; In re Heltz (N. Y.) 112 N. E. 750; Archibald v. Workmen's Comp. Com'r (W. Va.) 87 S. E. 791; Dorrance v. New England Pin Co., 1 Conn. Comp. Dec. 24; McDonald v. Dunn, 2 Cal. I. A. C. Dec. 71; State ex rel. v. District Court (Minn.) 151 N. W. 912; Bradbury's Workmen's Compensation Law, p. 462; Ruegg's Employer's Liability and Workmen's Compensation (8th Ed.) p. 373.

It must be conceded that the injury in the instant case occurred "in the course of his employment," but this alone is not sufficient to sustain an award of compensation There must be the concurring fact of its "arising out of" the employment.

"It arises 'out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." McNicol's Case (Mass.) 102 N. E. 697.

It is readily apparent that if claimant in this case had remained in the hoisting tower where his duties and the conditions of his employment required him to be, he could not have suffered injury in the manner here shown. His presence in the hoisting cage when same was being operated was not a condition or circumstance "arising out of his employment" because entirely at variance with the conditions under which his work was required to be performed. He was there "in the course of his employment" because his employment brought him upon the premises where he might enter the hoisting cage without committing a trespass. But being required to perform his work in the hoisting tower, he could not be performing it while in the mine or in the hoisting cage, in the absence of an emergency justi-

fying his change of location. None such existed. It is therefore conclusively established that no causal connection existed between the condition under which his work was to be performed and the injury which he sustained. The injury did not arise out of his employment.

The cases of Willis v. State Industrial Commission, 78 Okla. 216, 190 Pac. 92; Stasmos v. State Industrial Commission, 80 Okla. 221, 195 Pac. 762, and Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 82 Okla. 229, 200 Pac. 174, relied on by claimant to sustain the award, are easily distinguishable in their facts from the instant case In the Willis Case the employer kept a fire on the premises at which employes were permitted to warm themselves during intervals in their work. The claimant was so engaged when injured by a prank of a fellow employe. In the Stasmos Case the claimant had been directed by his superior to suspend work in the mine and to come to the surface. While obeying these instructions he was assaulted and injured by a fellow workman. Both the Willis Case and the Stasmos Case fall within the rule now generally recognized that the wrongful acts of fellow workmen, if done in the course of employment and resulting in injury, arise out of the employment because the injured workman is exposed thereto by the duties and requirements of his employment. In the Associated Employers' Reciprocal Case the employe, who was engaged in oil well work, discovered a grass fire on the lease near the well, and in extinguishing the fire sustained injuries. This was clearly an emergency which required him to act in the interest of his employer.

It being clear that claimant's injury could not have arisen out of his employment unless his presence in the hoisting cage at the time of the injury was due to the performance of some duty in the course of his employment, the Industrial Commission made its second finding of fact, which reads:

"That the duties of said claimant as a hoisterman consisted of operating an electric hoisting machine which pulls the dirt out of the mine, lowers and brings the men from the mine, and in addition to these duties it has been the practice and custom for any of the employes of said respondent to remove shoveling boards and broken ties from the mine; that it was to the interest of the respondent herein to keep his mine clean and that the only method of so doing was for the employes of said respondent to gather up the shoveling boards and broken ties and remove them from the mine; that

the employes of said respondent were given permission and it was the custom for them to remove from the mine such debris, and that with the knowledge and permission o said respondent said employes took this old wood home for fuel."

There is no evidence in the record even remotely tending to show that respondent had no other method of keeping its mine cleared of timbers than for its miners and hoisterman to gather and remove them. There is no evidence whatever in the record of a custom for employes to remove same. There is evidence of permission given to two men in the mine to remove such timbers for fuel provided they did it after work hours. This privilege had been availed of but once prior to this accident. This did not even tend to establish a custom of permitting such things to be done during working hours. Therefore. this second finding of fact by the Commission is wholly without evidence to support it, and the award based thereon is contrary to law. Hogan v. State Industrial Commission, 86 Okla. 161, 207 Pac. 303; Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 83 Okla. 73, 200 Pac. 862.

The conclusion here reached is not in conflict with the provisions of Comp. Stat. 1921, sec. 7294, nor with prior decisions of this court based thereon. While section 7294, supra, makes the decision of the State Industrial Commission final as to all questions of fact, this court has uniformly held that findings of the Commission must have some evidence to support them, and that where there is no evidence on which to base a finding of fact, the review of such finding by this court is a question of law. Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 83 Okla. 73, 200 Pac. 862; Branham v. Carter Oil Co. et al., 87 Okla. 80, 209 Pac. 400; Producers' Lumber Co. et al. v. Butler et al., 87 Okla. 172, 209 Pac. 738.

For the reasons herein stated, this cause should be reversed, with directions to the State Industrial Commission to vacate its award of September 4, 1923.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts C. J. p. 72; anno. L. R. A. 1916A, pp. 40 232; L. R. A. 1917D, 114, L. R. A. 1918F. 896; 28 R. C. L. 801; 3 R. C. L. Supp. 1596; 4 R. C. L. Supp. 1856, 5 R. C. L. Supp. 1568. (2) Workmen's Compensation Ac's. C. J. p. 123; anno. L. R. A. 1917D, 186; 28 R. C. L. pp. 827, 829; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581.