**NASH FINCH CO. et al. v. HARNED et al.**

No. 18450. Opinion Filed Feb. 4, 1930.

Ross & Thurman and S. J. Clay, for petitioners.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, J. This is an action filed in this court by petitioners to review an order and award of the State Industrial Commission made and entered on the 1st day of June, 1927, wherein the Commission found that respondent had received an accidental injury arising out of, and in the course of his employment, and that respondent sustained as result of said injury a permanent partial disability, the extent of which could not be fully determined and that further operative treatment was recommended for said injury. Petitioner presents four assignments of error.

First assignment of error is that the order is not supported by any evidence; that an examination of the record shows there is not sufficient evidence to support the award of the Industrial Commission.

Second assignment of error is that claimant was not engaged in a hazardous industry, as defined by section 7283, C. O. S. 1921, as amended by Session Laws 1923, ch. 61, sec. 1, p. 119, which reads in part as follows:

"* * * Transfer and storage, construction of public roads, wholesale mercantile establishments, employees employed exclusively as clerical workers excepted. * * *"

A careful reading of the record discloses that respondent comes clearly within the occupation mentioned in the above statutes.

The record shows that petitioner was operating a wholesale produce business, that respondent's duties were city salesman,

188

collector, packer, and he also used his car in connection with these duties, and in addition thereto would use his car for the purpose of delivering fruits, berries, and other goods sold by respondent to the city trade; this was a wholesale mercantile establishment and respondent was not employed exclusively as a clerical worker.

The injury occurred at respondent's home; he went out to crank his car to go to work, his car backfired and caused the injury complained of. This car being used for the purpose of delivering merchandise sold by respondent, and respondent not being used exclusively as clerical worker, brings this case clearly within the law providing for compensation. Whether or not an injury arose out of, and in course of employment is a question of fact, and where there is a conflict of evidence, the judgment and award of the Industrial Commission will not be disturbed by this court on review. It is next contended by petitioner that the Commission erred in holding that respondent and insurance carrier should tender to claimant further medical treatment, as had been recommended by the attending and examining physician, for the reason that the evidence shows beyond reasonable doubt that respondent sustained a specific loss and the Commission was without jurisdiction to place the above order in its award after respondent had received an initial treatment of the wound and the hand is healed, and there is a specific loss, and that in so doing the Commission acted beyond its powers conferred by the compensation laws.

Section 7288, C. O. S. 1921, as amended by chapter 61, sec. 5, Session Laws 1923, authorizes the Commission to order further medical treatment at any time in its judgment it deems same beneficial and necessary. This court in the case of Industrial Track Construction Co. et al. v. Colthrop et al., 132 Okla. 77, 269 Pac. 263, in the third paragraph of the syllabus, says:

"The Workmen's Compensation Act * * * provides for the allowance of such medical bills as may be necessary during 60 days after the injury, and for such time in excess thereof as in the judgment of the Commission the same may be required."

We must therefore conclude that the order of the Commission for further treatment was not error. The judgment of the Commission is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. ANDREWS, J., absent.

Note.—See under (1) 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1892; 5 R. C. L. Supp. p. 1581; 7 R. C. L. Supp. p. 1011. (2) anno. L. R. A. 1916A, 216; L. R. A. 1917D, 142; L. R. A. 1918F, 230; 28 A. L. R. 1222; 28 R. C. L. p. 817; 3 R. C. L. Supp. p. 1590; 4 R. C. L. Supp. p. 1837; 5 R. C. L. Supp. p. 1555. See Workmen's Compensation Acts—C. J. §35, p. 42, n. 12; §97, p. 100, n. 76; §127, p. 123, n. 41.