## MOTOR EQUIPMENT CO. et al. v. STEPHENS et al.

No. 21038.   Opinion Filed Oct. 7, 1930.

Clayton B. Pierce, for petitioners.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

SWINDALL, J.   This is an original proceeding commenced in this court to review an award of the State Industrial Commission.   On November 16, 1929, the respondent Benjamin F. Stephens filed his claim with the State Industrial Commission wherein he stated that on September 26, 1929, he was injured when the car in which he was riding was struck by another car about seven miles north of Randlett in Cotton county, Okla. He states that his occupation was "traveling and counter salesman." The petitioners herein, on November 6, 1929, filed an answer to the employee's claim and a plea to the jurisdiction of the Commission, wherein it was alleged that the employee, who is the same person as the respondent Benjamin F. Stephens, was not engaged in an occupation covered by and within the terms of the Workmen's Compensation Law, nor was the employer, Motor Equipment Company, and one of the petitioners herein, engaged in such an occupation as would come within the terms of the Workmen's Compensation Act. It was denied that the accident arose out of and in the course of the employment.

A hearing was held by the State Industrial Commission on November 16, 1929, and on December 14, 1929, the State Industrial Commission made an order, which, omitting caption, is as follows, to wit:

"Now on this 14th day of December, 1929, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to hearing had before inspector H. O. Matchett at Lawton, Okla., on November 16, 1929, to determine liability and extent of disability, at which hearing claimant appeared in person and by his attorney, J. H. Klein, and respondent and insurance carrier were represented by their attorney, C. B. Pierce, and the Commission after examining all the testimony in said cause, all reports on file, and being otherwise well and sufficiently advised in the premises, finds:

"(1)   That on the 26th day of September, 1929, respondent, Motor Equipment Company, was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law as pro-

vided in article 1, section 7283, to wit, workshops where machinery is used, and other manual and mechanical labor incident to such hazardous industry.

"(2) That in the course of his employment it was the duty of the claimant to sell, install, regulate and repair heavy equipment, such as hydraulic lifts, large air compressors, lathes, electrical generators, dynamos, etc., in respondent's trade territory, and that on the 26th day of September, 1929, claimant had been negotiating with respondent's regular dealers, customers and prospective dealers to sell equipment and in the event his negotiations were successful and a sale consummated, thereupon it became duty of the claimant to install said equipment. While returning from said place of employment to respondent's principal place of business in Lawton, Okla., claimant sustained an accidental injury while in the course of his employment by reason of an automobile accident in the course of travel.

"(3) That as a result of said accident claimant has been, since the 26th day of September, 1929, and is now, totally permanently disabled.

"(4) That the respondent had proper notice of said accident, and the employee filed his claim for compensation with the Commission within the statutory period.

"(5) That claimant's average wage at the time of his injury was $125 per month with expenses.

"The Commission is of the opinion: By reason of the aforesaid facts, that claimant is entitled to compensation under the law at the rate of $18 per week computed from the 26th day of September, 1929, less the five days waiting period for a period not to exceed 500 weeks for total permanent disability.

"It is therefore ordered: That within ten days from this date the respondent, Motor Equipment Company, or its insurance carrier, Continental Casualty Company, pay to claimant, Benjamin F. Stephens, any compensation remaining due to December 14, 1929, and that compensation be paid hereafter in weekly or semi-monthly payments until the full award not exceeding 500 weeks have accrued, amounting to $9,000 in full, final and complete settlement for total permanent disability by reason of aforementioned accidental injury.

"It is further ordered: That within 30 days from this date said respondent, Motor Equipment Company, or its insurance carrier, Continental Casualty Company, shall file with this Commission proper receipt or other reports evidencing their compliance with the terms of this order."

In due time petitioners filed their petition to review the award of the Industrial Commission, wherein they made the following assignments of error:

"(1) That the State Industrial Commission was without jurisdiction to make said order and award.

"(2) That the finding and conclusion of the State Industrial Commission that the petitioner, Motor Equipment Company, was engaged in an occupation covered by and subject to the terms of the Workmen's Compensation Act is not supported by any evidence and is contrary to law.

"(3) That the findings of fact do not support the order.

"(4) The employee, Benjamin F. Stephens, was not engaged in manual and mechanical labor within the meaning of the Workmen's Compensation Act, and for that reason the State Industrial Commission was without authority of law to make the order complained of.

"(5) That the accident did not arise out of the employment of Stephens by the Motor Equipment Company.

"(6) That incompetent evidence was admitted by and considered by the Industrial Commission over the objection and exception of your petitioner. That the State In-Industrial Commission refused to consider relevant, competent and material evidence, offered by your petitioners, to which action of the State Industrial Commission the petitioners then and there duly excepted.

"(7) That said order is contrary to law."

The petitioners have submitted this case upon three propositions:

(1) "An employee acting in the capacity of a traveling salesman is not engaged in manual and mechanical labor within the meaning of the subdivisions one and four of section 7284, C. O. S. 1921, and if injured in the course of his duties as a salesman is not entitled to compensation under the Workmen's Compensation Act.

(2) "An employer engaged in a business of operating a store selling tools and machinery which were purchased by garages, filling stations, paint shops and the like for their own use is not engaged in a business covered by and subject to the terms of the Workmen's Compensation Act.

(3) "To be a compensable injury, under the Workmen's Compensation Law, such injury must result from an accident arising out of and in the course of the employment. The existence of both of these prerequisites is essential."

The evidence offered upon the hearing of this cause before the Industrial Commission shows that the respondent Benjamin F. Stephens, at the time he received the acci-

dental injury complained of, was a married man 22 years of age and had no children. That he was a mechanic and was then and had been employed by the Motor Equipment Company, at Lawton, Okla., for about 19 months prior to the injury. When first employed he received a salary of $110 per month, and that at the time of the accident and for about five months prior thereto, his salary was $125 per month and expenses, and that the Motor Equipment Company had several places of business in Oklahoma, and that they were engaged in selling machinery and appliances to garages, filling stations and motor companies, and that the machinery sold consisted of cranes, and all types of automotive equipment used in garages, such as reboring tools, lathes and motors, and that this machinery and equipment was handled through the back room of the store at Lawton, Okla., and that the front room of the store at Lawton was kept for display and arranged for demonstration. They kept most everything that they sold on display in the front room, and the respondent operated said machinery for demonstration. Some of the machinery was equipped with wheels, cogs, and chains.

Every other week the respondent spent five days of his time in visiting filling stations, garages, and machine shops in the vicinity of Lawton, Okla., and in the course of his employment it was his duty to sell the equipment sold by the Motor Equipment Company to the garages, filling stations, and machine shops in the radius of about 35 miles of Lawton, Okla. In the course of his employment he was required to repair the machinery that he sold to the trade in his territory, and to make demonstrations in order to induce prospective customers to purchase said machinery. For some time prior to the accident, in making these trips over the territory, he would travel in his automobile one week, and with a traveling man by the name of Bill Clifford, who covered the same territory, the next week he was out of the store and Clifford traveled with him during the week he was in his car. This was done to keep down expenses. On the date of the alleged accident he and Clifford were traveling in Clifford's car, and at the time he received the accidental injury complained of, he was returning from the trade territory to his place of employment at Lawton, Okla.

It seems to be settled in this jurisdiction that in order for an employee to be entitled to compensation under the Workmen's Compensation Act. it must be shown that the employee sustained an accidental injury while in the course of his employment and that the employee devotes a portion of his or her time to manual or mechanical labor of a hazardous nature, and is not an employee engaged as a clerical worker exclusively, and that the accidental injury was connected with or incident to one of the industries, plants, factories, lines, or occupations of trade mentioned in section 7283, and amendment thereof.

It is contended by petitioners that this case comes within the rule announced by this court in the case of McQuiston v. Sun Company, 134 Okla. 298, 272 Pac. 1016. We cannot agree with this contention of the petitioners. In that case, the duties of the traveling salesman were those of selling grease, lubricants, etc., and going into mills and other places where machinery was located, in order to make recommendations to his customers, but in the course of his employment he was not required to repair or demonstrate any of the machinery; but in this case the undisputed testimony shows that it was among the duties of respondent Benjamin F. Stephens to demonstrate machinery and also repair the same, which takes this case out of the rule announced in the case of McQuiston v. Sun Company, supra.

The decision of the Industrial Commission is final as to all questions of fact, if there is any competent evidence to support it, and the Supreme Court is not authorized to weigh the evidence upon which a finding of fact is based, and will consider that evidence only for the purpose of determining whether or not there is any competent evidence to support the finding of fact.

We might continue the discussion of facts in this case further, but from a careful examination of the record we are of the opinion that there is competent evidence in the record to sustain the findings of the Industrial Commission. This being true, we have no authority to disturb such findings, and for that reason the judgment of the Industrial Commission is hereby affirmed.

CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur.

MASON, C. J., LESTER, V. C. J., and HUNT, J., absent.

Note—See under (1) anno. L. R. A. 1916A, 40; L. R. A. 1917D, 114; L. R. A. 1918F, 897; 28 R. C. L. p. 802; R. C. L. Perm. Supp. p. 6223; R. C. L. Continuing Perm. Supp. p. 1202. (2) anno. 30 A. L. R. 1277; 28 R. C. L. 828; R. C. L. Perm. Supp. p.

6254; R. C. L. Continuing Perm. Supp. p. 1211.