**SOUTHERN SURETY CO. et al. v. CLINE et al.**

No. 21726.   Opinion Filed May 12, 1931.

Cruce & Franklin, for petitioners.

Owen F. Renegar, for respondent.

CULLISON, J.   This is an original proceeding in the Supreme Court to review an award made by the State Industrial Commission in favor of Andrew M. Cline. Parties will be referred to in this opinion as they appear in the Supreme Court.

The evidence in this case discloses that Andrew M. Cline, respondent herein, was in the employ of the Shell Petroleum Corporation as a nightwatchman. He held a commission as deputy sheriff, and as such officer occasionally served notice for the Shell Petroleum Company in proceedings to vacate tenants from properties of the said company, and also did certain investigating work relative to stolen property, but his principal work was that of nightwatchman at the warehouse located on a lease of the Shell Petroleum Company a short distance from Earlsboro, Okla.

On the date of the injury complained of in this cause, which was December 24, 1929, the respondent had worked the previous night as nightwatchman and returned to his home in Earlsboro and slept during the early part of the day of December 24th. A friend of respondent's, who operated a grocery store, had inquired of him as to whether or not a certain party was in the employ of the Shell Petroleum Company, and said respondent made an investigation and ascertained whether or not said party was in the employ of the Shell Petroleum Company. In the evening he went down town and informed his friend in regard to the party he had inquired about relative to his employment with the Shell Petroleum Company, and then ate supper. About 6:30 in the evening of December 24th, the respondent started out to the lease and warehouse of the Shell Petroleum Company to enter upon his duties as nightwatchman. He walked down the street about a quarter of a mile to the edge of town and started to cross the highway; when about one-third of the way across the highway a car appeared on said highway without lights and struck said respondent, causing an injury to his head and fracturing his left leg. The car was owned and operated by a third party and not connected with petitioners. The point on the highway at which the accident occurred was three-quarters of a mile from the warehouse and lease of the Shell Petroleum Company. As a result of the accident, respondent was rendered unable to do further work for said petitioner and has done no work for them since the date of the accident.

The question for our determination in

this case is: "Did the injury arise 'out of' and 'in the course of' employment, so as to come within the scope of our Workmen's Compensation Act?"

Section 7285, C. O. S. 1921, as amended by chapter 61, sec. 3, Session Laws 1923, provides as follows:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment. * * *"

It will be noted that the essential element of this section provides, in order for an accidental injury to be compensable, the same shall arise "out of" and "in the course of" the employment. The construction of these phrases has been before our court and other courts of last resort.

In passing upon the meaning of said phrases above mentioned, this court, in the case of Oklahoma-Arkansas Telephone Co. et al. v. Fries, 128 Okla. 295, 262 Pac. 1062, quotes as follows from the McNicol Case, as decided by the Supreme Court of Massachusetts:

"The McNicol Case, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, is referred to, and quoted with approval by this court, in the case of Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 Pac. 600, and in other cases from this court. The McNicol Case arose under Workmen's Compensation Act, and was to recover compensation for death of employee who was shot by another employee. We quote from the body of the opinion as follows:

"'It (the injury) arises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have

had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.'"

The state of California has a Workmen's Compensation Act with the same wording as our act. The Supreme Court of that state, in construing said act and in giving its interpretation of said act, quotes as follows, in the case of Ocean Accident & Guarantee Co. et al. v. Industrial Accident Commission of California et al., 159 Pac. 1041 (at page 1044):

"In the very broadest sense, of course, it is true that an injury which happens to a man who is on his way to his place of employment is an injury 'growing out of and incidental to his employment,' since a necessary part of the employment is that the employee shall go to and return from his place of labor. But it is to be noted that the right to an award is not founded upon the fact that the injury grows out of and is incidental to his employment. It is founded upon the fact that the service he is rendering at the time of the injury grows out of and is incidental to the employment. Therefore an employee going to and from his place of employment is not rendering any service, and begins to render such service only when, as has been said, arriving at the place of his employment, he proceeds to use some instrumentality provided, by means of which he immediately places himself in a position to perform his tasks."

Our Supreme Court in passing upon the question of whether or not an accident arises in the course of and out of the employment gives the following construction to said phrases in the first paragraph of the syllabus of the case of Baker v. State Industrial Commission, reported in 138 Okla. 167, 280 Pac. 603, which is as follows:

"Under Comp. Stat. 1921, section 7285, a compensable accidental injury must disclose from its circumstances the existence of two essential elements: It must have resulted 'in the course of' employment and it must also have arisen 'out of' the employment. The absence of either of these essential elements destroys the application thereto of the beneficent provisions of the Compensation Law. Lucky Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 Pac. 600."

This court also in the recent case of Mead Bros., Inc., et al. v. State Industrial Commission, 144 Okla. 279, 291 Pac. 571, in discussing the matter of whether or not employers are liable for or responsible to an employee while traveling to the place of his work, stated the rule to be as follows, in the third paragraph of the syllabus of the case:

"In the absence of an agreement, express

or implied, to transport an employee to the place of work, the employer is not responsible for an injury sustained by the employee in traveling to the place of work."

In the McNicol Case, quoted above, the court lays down the rule that the Compensation Law excludes an injury which cannot be fairly traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The California court lays down the rule in the Ocean Accident & Guarantee Company Case, quoted above, that the right to an award is founded upon the fact that the service he is rendering at the time of the injury grows out of and is incidental to the employment. Therefore an employee going to and from his place of employment is not rendering any service, and begins to render such service only when, as has been said, arriving at the place of his employment, he proceeds to use some instrumentality provided, by means of which he immediately places himself in a position to perform his tasks. Our court also enunciated the rule in the recent Mead Brothers Case, that in the absence of agreement, express or implied, to transport an employee to the place of work, the employer is not responsible for an injury sustained by the employee in traveling to the place of work

In applying the above rules to the case under consideration, we find that the employee, respondent herein, had not arrived at the place of his employment, but was three-fourths of a mile distant therefrom. There was no arrangement whereby respondent was to be transported to his place of work. At the time of the injury respondent was walking to the place of his employment. He was upon the public highway and was subject to all the hazards of the public in traveling on said highway at that point. The injury did not arise out of conditions under which he worked.

Since the injury did not arise out of and in the course of respondent's employment, under the authorities and rules cited above, we are of the opinion, and are forced to hold, after due deliberation, that the accidental injury was not such as to come within the scope of our Workmen's Compensation Law, and therefore, the Commission had no jurisdiction over the same.

The petition of petitioners herein is hereby sustained and the award of the Industrial Commission rendered on the 25th day of August, 1930, reversed and remanded to the State Industrial Commission with directions to dismiss the same.

LESTER, C. J., and SWINDALL, AN-DREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. RILEY, and HEFNER, JJ., absent.