## UNITED BRICK & TILE CO et al. v. HUFFMAN et al.

No. 21658. Opinion Filed June 23, 1931.

Twyford & Smith and G. Lee Gibbs, for the petitioners.

Homer Caldwell, for the respondents.

CULLISON, J. This is an original proceeding to review an award of the State Industrial Commission, wherein it found that Alvin W. Huffman was accidentally injured while in the employ of the petitioner herein.

Respondent was working for petitioner in their brick plant, and on April 1, 1930, while handling brick, some particles from a brick entered respondent's right eye. He developed an infection in the eye, and, as a result thereof, lost said eye. A hearing was had on said cause, and on August 7, 1930, the State Industrial Commission rendered an award holding that, as a result of said accidental injury, respondent was temporarily totally disabled for eight weeks, and had

suffered a permanent total loss ·of vision of his right eye, and awarded compensation in the amount of $107.68 for the temporary total disability, and for a period of 100 weeks at $13.46 per week for the permanent loss of vision of the right eye.

To reverse said award, petitioner argues: First, that there is no legal evidence to support the award; and, second, no hearing was had by the Commission; and, third, there is no legal authority in the Commission to delegate its power to others.

The testimony in this case was taken before Inspector H. O. Matchett, and discloses that respondent was working for the petitioner on April 1, 1930, and while so working some particles of clay from brick entered his eye and caused an irritation thereof. By the second day, respondent's eye developed a bad infection, and because of the infection he lost the use of the eye.

This testimony was before the Commission, and it rendered an award thereon, finding that respondent suffered an accidental personal injury while in the employ of the petitioner, and that said injury arose out of and in the course of respondent's employment with petitioner, as held by this court in Bishop v. Wilson, 147 Okla. 224, 296 Pac. 438.

This court has repeatedly held that where there is evidence to support the finding of the Commission, the same will not be re-.versed by this court, and, in compliance with said former holdings, we hold there was sufficient evidence to support the finding of the Commission. Nash-Finch Co. v. Harned, 141 Okla. 187, 284 Pac. 633.

The second and third propositions presented by petitioner will be discussed together. They raise the question that no hearing was had by the Commission, and that the Commission has no authority to delegate its powers to others. The record discloses that Inspector H. O. Matchett held hearings in this case, and that the award was rendered by Commissioners Doyle and McElroy.

Section 7316, C. O. S. 1921, in part, provides:

"The Commission may authorize any inspector to conduct any such investigations, inquiry, or hearing, in which case he shall have the power of the Commissioner in respect thereof."

Section 7319, C. O. S. 1921, provides:

"The Commission or Commissioner or inspector, in making an investigation of inquiry, or conducting a hearing, shall be required to preserve a complete record of all oral or documentary evidence considered, to · any part of such evidence any party affected

thereby may object, which objection shall be considered and passed on by the Commission and preserved in the record."

Section 7313, C. O. S. 1921, as amended in 1923 (Laws 1923, c. 61, s. 12), provides:

"The Commission may employ a secretary, an actuary, and such inspectors and other assistants as it may deem necessary. * * *"

Under the statutory authorities as designated in said sections, Inspector Matchett of the State Industrial Commission presided at the hearings in this case, but said order and award was rendered by the regular Commissioners.

Under section 7313, the Commission is given authority to appoint inspectors. Section 7316 provides that the Commission may authorize any inspector to conduct any such investigation, inquiry, or hearing, in which case he shall have the power of a Commissioner in respect thereof. Said statutory authority vests in the Commission the power to appoint and designate inspectors, and when so appointed and designated, said inspectors shall have power to conduct an inquiry or hearing in a cause before the Commission.

Therefore, the contention of petitioner herein that the hearing was not validly held is not supported by law, and being in compliance with the sections heretofore quoted, we hold that said hearing was valid and proper in all respects.

The award of the State Industrial Commission is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS. McNEILL, and KORNEGAY, JJ., concur.