GOOLDY et al. v. LAWSON et al.

No. 23061. Opinion Filed March 8, 1932.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for petitioners.

Langley & Langley, for respondent Floyd Lawson.

CULLISON, J. This is an original proceeding before this court to review an award of the State Industrial Commission made in favor of the claimant, Floyd Lawson, on October 20, 1931.

The record discloses the following pertinent facts: That on October 3, 1929, claimant sustained an accidental personal injury to his back while employed by the petitioners herein. A hearing was had on the 24th day of September, 1931, at Pryor, Okla., and the cause continued until October 1, 1931, at which time a second and final hearing was had in said cause. Thereafter, on the 20th day of October, 1931, the Commission made the following order in said cause:

"Order.

"Now, on this 20th day of October, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Pryor, Okla., September 24, 1931, before Chairman Thos. H. Doyle, and at a subsequent hearing held at Tulsa, Okla., October 1, 1931, before Inspector Matchett, duly assigned to hear said cause, the claimant appearing in person and by his counsel, Langley & Langley, the respondent and insurance carrier appearing by W. Y. Hawkinson, and the Commission after reviewing the testimony taken at said hearing, and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That on the 3rd day of October, 1929, the claimant was in the employment of the respondent, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury, arising out of and in the course of his employment, by having his back injured.

"(2) That the average daily wage of the claimant at the time of said accidental injury was $5 per day.

"(3) That claimant was given light work after his injury on October 3, 1929, up to and including September 4, 1930, for which he drew wages.

"(4) That as a result of said accidental injury claimant's wage-earning capacity thereafter has decreased from $5 to $1.50 per day.

"(5) That by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to 66⅔ per centum of the difference between his average weekly wage and his wage-earning power thereafter, in the same employment, payable during the continuance of such partial disability, and not to exceed 300 weeks.

"Upon consideration of the foregoing facts: The Commission is of the opinion that claimant is entitled to compensation at the rate of $13.46 per week for a period not to exceed 300 weeks, from the 5th day of September, 1930, subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon application of any party in interest; that there is now due claimant a total of 58 weeks and two days' compensation, computed from the 5th day of September, 1930, to October 17, 1931, in the total sum of $785.11, and to continue compensation thereafter.

"It is therefore ordered: That within 15 days from this date, the respondent or its insurance carrier pay to claimant the sum of $785.11, being 58 weeks' and two days' compensation, and to continue compensation thereafter at the rate of $13.46 per week until a period of 300 weeks has been paid, or until otherwise ordered by the Commission; also pay all medical and doctor bills incurred by claimant as a result of said injury.

"It is further ordered: That within 30 days from this date, the respondent, or its insurance carrier herein, file with the Commission proper receipt or other report evidencing compliance with the terms of this order.

"Upon the adoption of the foregoing order, the roll was called and the following voted aye: Doyle, Chairman, and Fannin, C."

From said order and award. the petitioners appeal to this court and allege as error two propositions:

First Proposition.

"Claimant's injury did not arise out of and in the course of his employment in a hazardous occupation subject to and covered by the Workmen's Compensation Act of the state of Oklahoma."

Section 7283, C. O. S. 1921, as amended by Laws 1923, c. 61, sec. 1, provides what employments come within the provisions of the Workmen's Compensation Act. Said section reads in part as follows:

"Section 7283. Employments Included in Act. Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: Factories, cotton gins, mills and workshops where machinery is used. * * *"

It will be observed that said section in-

cludes "workshops where machinery is used." In the case at bar the claimant was employed as a general mechanic by petitioners. Said petitioners were known as the Gooldy-Davis Chevrolet Company, under which name petitioners conducted a Chevrolet sales agency and garage and repair shop at Pryor, Okla. This claimant worked in said repair shop in which there was certain machinery, consisting of burnishing and stands, burnishing motors, vise, electric drills, and chain hoists. While so employed, claimant was directed, together with three other employees, to go to the depot at Pryor and unload a railway carload of new Chevrolet trucks. Claimant took with him jacks, car jack, chain hoist, cross-bars, hammer, etc., to assist in the work, and, while so working, was injured.

Petitioners agree that the claimant, Lawson, was employed in the shop as general mechanic, and that such constituted hazardous work. However, petitioners contend that because Lawson was, on October 3, 1929, at the direction of his employer, engaged in the performance of necessary incidental duties in his employment, unloading new trucks from a railway car for his employer, a short distance from the business of the employer, at the depot at Pryor, Lawson is not entitled to compensation under the act.

In the case of Ft. Smith Aircraft Co. v. State Industrial Commission, 151 Okla. 67, 1 P. (2d) 682, this court had under consideration an award made to an injured employee who had suffered an injury while up in the air in an airplane away from the workshop, where the wheels and power-driven machinery were. In that case, the court said:

"The rule is well established that an injury is compensable under the Workmen's Compensation Act when it is sustained in performance of an act which is fairly incidental to the prosecution of the master's business, even though such act may not be performed at the building or premises where the major part of the work of the employees is done. Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63; Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 P. 303; Nash-Finch Co. v. Harned, 141 Okla. 187, 284 P. 633, 634."

In said case, this court further held with approval that:

"An injury arises 'out of' the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury; and, that an injury to an employee arises 'in the course of' his employment when it occurs within the period of his employment at place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto."

The court, in answering its own question, says:

"At the time of the injury he (the employee pilot) was in the course of his employment, and the injury arose out of and in the course of said employment. The nature of the business conducted by the petitioner was such that it could not be carried on altogether within a building or within the boundaries of a particular tract of ground, but was carried on in and around its airport or flying field and in the air where respondent was required at times to be in the furtherance of his employer's business."

It appears from the evidence that the work performed by Lawson at the time of his injury was a necessary incident to the business of his employer, and that Lawson was serving his master when injured. We cannot but conclude that the claimant at the time of his accident was engaged in a hazardous employment covered by the Workmen's Compensation Act.

Petitioners, for their second assignment of error, allege:

### Second Proposition.

"The Commission erred in finding that the claimant's earning capacity had been reduced by reason of the injury from $5 before the injury to $1.50 after the injury." (Meaning per day.)

The award of the Commission set out above contains the portion covered by this contention:

"That claimant was given light work after his injury on October 3, 1929, up to and including September 4, 1930, for which he drew wages.

"That as a result of said accidental injury claimant's wage-earning capacity thereafter has decreased from $5 to $1.50 per day."

The "light work" referred to was a joint adventure of claimant, Lawson, and his brother-in-law in a little garage business on borrowed capital. The claimant, Lawson, testified at the hearing:

"Q. What do you earn by the day or week? A. We have no salary. Q. What do you earn? A. About a dollar a day. Q. If you were not working for yourself, you do not feel that you could follow a gainful occupation? A. No, sir. * * * Q.

Yes, I know, but your earnings are more than a dollar a day? A. A very little more."

The Industrial Commission found the claimant's wage earnings to be $1.50 per day. There is testimony in this record reasonably tending to support the findings of the Commission of the wage-earning capacity of the claimant, Lawson, as being $1.50 per day from September 4, 1930, on.

In the case of Nash-Finch Co. v. Harned, 141 Okla. 187, 284 P. 633, this court said:

"In an action to review an award and judgment of the State Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award of the Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review."

Under the rule just announced and repeatedly followed by this court, the findings of fact of the Commission as to claimant's wage-earning capacity will not be disturbed.

The award of the Commission is affirmed. There is an appeal bond in the record which the Commission may proceed to enforce.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.

Note.—See under (2), annotation in L. R. A. 1916A, 41 48, 232; 20 A. L. R. 320; 28 R. C. L. 804; R. C. L. Perm. Supp. p. 6229; R. C. L. Pocket Part, title Workmen's Compensation, § 92. (4) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.