## SOUTHLAND GASOLINE CO. et al. v. LONEY et al.

No. 25375.   Sept. 17, 1935.

Rehearing Denied January 21, 1936.

■■■■■■■■■■■■■■■■■■■■■■■

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Neely & Rainey, for respondents.

OSBORN, V. C. J. This is an original action to review an award of the State Industrial Commission entered in favor of J. R. Loney, hereinafter referred to as claimant, against the Southland Gasoline Company, the Southland Refining Company, and their insurance carrier, Consolidated Underwriters, hereinafter referred to as respondents.

The record shows that claimant while employed by the Southland Gasoline Company and Southland Refining Company, on August 8, 1933, sustained an accidental personal injury. Claimant's duties were to go from one of his employer's filling stations to another and install, inspect, and repair the machinery and equipment used in and around said filling stations. On the date of the injury he was returning to Tulsa from a round of inspection and a rear tire on his automobile blew out. His car was wrecked and he sustained serious injuries.

After a hearing the Commission found that claimant had sustained an accidental personal injury arising out of and in the course of his employment and entered an award for temporary total disability.

In seeking to have said award vacated, respondents rely upon the following propositions: (1) Claimant, at the time he sustained the injury which is the basis of the Commission's award, was not engaged in the performance of manual labor, or in a hazardous employment; (2) the injuries sustained by the claimant did not arise out of his employment.

Since there is some controversy regarding the exact nature of claimant's employment, we set out his testimony in this connection as follows:

"Q. I see. * * * In what capacity were you employed by the Southland Gasoline Company and the Southland Refining Company? A. Well, general roustabout, I guess you would call it. Q. I see. * * * I will ask you if, in the course of your employment you were required to perform physical labor at various points throughout the state of Oklahoma? A. Yes; I did all kinds of work. Move engines, take up pipe; lay concrete, and do such things as that. Q. To get in the record—I will ask if your duties were largely to go to a filling station—a filling station operated by your employer, and keep the equipment in proper condition? By Mr. Adams: To which we object. Let him tell what his duties were. By Mr. Rainey: That is probably correct. Q. Just state what your duties were, Mr. Loney. A. Well, going out on these calls and checking up on the filling stations and looking over the trucks and see them loaded out. I just looked around the stations to see if anything needed repairing—the air compressors, or something like that. Q. You say you looked after the truck. Was that physical labor? A. Oh, yes. Anything that needed to be done I was to fix it and put the station in good shape. Q. When you called on these various filling stations as you testified to, what physical labor did you perform there? A. Put in the station, tanks and drums and repair signs along, if they had been blowed down I would go back and repair those."

In addition claimant testified that, although it was not within the scope of his regular duties, he occasionally checked up shortages and made collections from filling stations. Other winesses testified that they had seen claimant performing manual work such as installing filling station equipment. No testimony was offered by respondents relating to the duties performed by claimant.

Respondents contend that this case is controlled by the rule that, where an employee is engaged in a certain occupation where part of his duties constitute hazardous employment and other duties devolving upon him are nonhazardous, in order to recover compensation it is necessary to show that at the time of the injury claimant was engaged in the performance of duties which were hazardous, citing Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. (2d) 701. In this connection see, also, Ferris v. Bonitz, 149 Okla. 129, 299 P. 473; Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P. (2d) 405; Crawford v. State Ind. Comm,. 111 Okla. 265, 239 P. 575; Oklahoma Pub. Co. v. Molloy, 146 Okla. 157, 294 P. 112; Southwestern Grocery Co. v. State Ind. Comm., 85 Okla. 248, 205 P. 929.

In each of these cases the employment in which the employee was actually engaged at the time of the injury was not hazardous; therefore said cases do not apply to the facts with which we are here dealing. The testimony of claimant is that he was employed to install, inspect, and repair machinery. Although at times he checked up shortages and made collections and performed other duties, his testimony is uncontradicted that these duties were outside

of the scope of his regular employment and were no part of the duties which he was employed to perform. Therefore we are not called upon to classify the duties of claimant to determine whether the duties being performed at the time of the injury were hazardous or nonhazardous.

The rule which governs the responsibility of respondents under the facts as presented by the record is stated in the case of Gooldy v. Lawson, 155 Okla. 259, 9 P. (2d) 22, wherein it is said:

"The rule is well established that an injury is compensable under the Workmen's Compensation Act when it is sustained in performing an action which is fairly incidental to the prosecution of the master's business, even though such act may not be performed at the building or premises where the major part of the work of the employees is done. Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63; Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 P. 303; Nash-Finch Co. v. Harned, 141 Okla. 187, 284 P. 633, 634."

In the case of Motor Equipment Co. v. Stephens, supra, it is shown that claimant was a traveling salesman and mechanic. It was his duty to sell machinery, and when the machinery was sold to inspect and repair it. While traveling over the territory the car in which he was traveling was wrecked and he sustained injuries thereby. It was held that he was entitled to compensation on the following theory:

"It seems to be settled in this jurisdiction that in order for an employee to be entitled to compensation under the Workmen's Compensation Act, it must be shown that the employee sustained an accidental injury while in the course of his employment and that the employee devotes a portion of his or her time to manual or mechanical labor of a hazardous nature, and is not an employee engaged as a clerical worker exclusively, and that the accidental injury was connected with or incident to one of the industries, plants, factories, lines or occupations of trade mentioned in section 7283, and amendment thereof."

Our attention is also directed to I.T.I.O. Co. v. Whitten, 150 Okla. 303, 1 P. (2d) 756. In that case claimant was a carpenter. He had been working in the Seminole oil field and was directed to go to the Oklahoma City field. He drove his car to Oklahoma City and arrived at the field early in the morning. He was instructed to report back to work the following day. On his way home his car was struck by another car and he was seriously injured. Under the rule announced in Motor Equipment Co. v. Stephens, supra, it was held that he was entitled to recover compensation.

**The** above authorities are controlling herein. It conclusively appears that at the time of the injury claimant was engaged in a hazardous employment and was acting in the furtherance of his employer's business; that he was performing a duty which he was employed to perform, and that the injury is a result of an ordinary risk of said employment.

The award is affirmed.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY and WELCH, JJ., absent.