**OKLAHOMA GAS & ELECTRIC CO. et al. v. STOUT et al.**

No. 26361. March 24, 1936.

Rehearing Denied Dec. 22, 1936.

Application for Leave to File Second Petition for Rehearing Denied March 9, 1937.

Bunch & Kelly, for petitioners.

C. M. Gordon and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 30th day of January, 1934, H. C. Stout suffered an injury as the result of a collision of an automobile owned and furnished by the company, in which he was driving, with a farm wagon on the highway between Shattuck and Gage, Okla. Claimant was employed by the Oklahoma Gas & Electric Company at a salary of $135 per month. His duties were lineman and local trouble man, and as such he worked with the town of Shattuck as his base of operations. He lives at Gage, Okla. He was returning from Shattuck between 6 and 7 o'clock p. m., after he had finished his work and had dropped his helper at Shattuck, and was on the way to his home at Gage. He testified that he was subject to emergency calls 24 hours in the day.

After his injury he did not work for the petitioner, the Oklahoma Gas & Electric Company, except on the 19th, 20th, and 21st day of February, 1934, at which time he did some work on the line of said company as an emergency workman. He was not regularly employed until November, 1934, at which time he was employed by the Barnsdall Refining Company as yardman. Between the time of his discharge as employee of the Oklahoma Gas & Electric Company and employment by the Barnsdall Refining Company, he operated a filling station. As a result of the accident he testified, and was supported in his testimony by competent medical examiners, that he suffered a back injury, for which injury he was awarded compensation under date of the 20th day of April, 1935, in the sum of $378, being 21 weeks' compensation at the rate of $18 per week, computed from February 5, 1934, to July 1, 1934, from which is to be deducted any sum or sums paid to claimant as wages or compensation during said period between January 30, 1934, and July 1, 1934. Said award was allowed as temporary and total disability of claimant resulting from said accidental injury.

This proceeding is to review the award entered in such order. Petitioner raises two propositions: The first is that the injury did not arise out of and in the course of employment. The second is that there is no competent evidence tending to support the award, in which connection it is urged that the claimant is not suffering any injury.

In Superior Smokeless Coal Mining Co. v. Hise, 89 Okla. 70, 213 P. 303, claimant was employed as a minor and was going to work,

and while traveling along his customary road slipped on the frozen ground and sprained his wrist. Claimant lives four miles from the mine, and at the time of the injury was within a quarter of a mile of the mine. The award made by the Industrial Commission was affirmed.

Sapulpa Refining Co. v. Industrial Commission, 91 Okla. 53, 215 P. 933. A pipe line walker was walking to work and got a ride on a truck belonging to the Prairie Oil & Gas Company. When he was within 15 or 18 feet of the pipe line, as he stepped from the truck and started to walk to the pipe line, a trailer hit him and crushed his leg. An award made by the Industrial Commission was affirmed. The claimant testified that he lived about four miles from the line, and that when he was employed the superintendent of the company told him that his time started from the time he left his home and ended when he got back from having completed working the line.

Cary v. State Industrial Commission, 147 Okla. 162, 296 P. 385. Claimant was injured while returning from work, being transported by the employer through the agent of the employer, Griffen, a member of the casing crew. The award of the Industrial Commission was affirmed and this case cites Sapulpa Ref. Co. v. State Industrial Commission, supra.

In I. T. I. O. Co. v. Whitten, 150 Okla. 303, 1 P. (2d) 756, claimant went to the lease of the petitioner with tools to work. He was instructed to take his tools home with him because the tool house was locked up and to return the next morning. On the way home he was injured by a collision and the award of the State Industrial Commission was affirmed. To these last two opinions Mr. Justice Riley dissents without comment.

In Muskogee Transfer & Storage Co. v. Southern Surety Co. of N. Y., 170 Okla. 395, 40 P. (2d) 1044, claimant was employed at Konawa, Okla., and was directed by the employer to go to Muskogee, Okla., and obtain some mechanical parts. Returning at 9 o'clock in the evening in his own car, he was injured as a result of a collision. The suit was by the surety company against the employer to recover the amount paid. A judgment for the plaintiff was affirmed.

In Baker v. Industrial Commission, 138 Okla. 167, 280 P. 603, claimant was living at Altus, was employed as a salesman for Frigidaire. On the 16th day of June, 1928, at the direction of Fuqua, his employer, and using Fuqua's automobile as a conveyance, claimant went to Snyder, Okla., to install a Frigidaire. When about 7 miles on his way returning to Altus, he was met by a cyclone and sought refuge in a church building and was injured during the cyclone. Compensation was denied by the commission and the action of the commission was affirmed by this court. In this case for the first time is cited the case of In re McNicol, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306.

In Mead Bros. v. Industrial Com., 144 Okla. 279, 291 P. 571, claimant was riding to work in a car owned by a driller who also worked for the employer, and sustained an injury about six miles from the location at which he was working when the automobile in which he was riding turned over. The award in his favor made by the State Industrial Commission was vacated.

In Farmers Gin Co. v. Cooper, 147 Okla. 29, 294 P. 108, claimant had sustained an eye injury and secured permission to go from Granite to Mangum for treatment, and was injured when the automobile in which he was riding collided with another automobile. The award entered by the Industrial Commission was vacated.

In Southern Surety Co. v. Cline, 149 Okla. 27, 299 P. 139, a nightwatchman on his way to work went by a grocery store to report to a friend about a man who worked for the company. About 6:30 in the evening, walking down the street about a fourth of a mile from the edge of town, he started to cross the road and was struck by a car. An award in his favor by the State Industrial Commission was vacated. In this case the McNicol Case, supra, is mentioned again, to which attention shall be called later.

In I. T. I. O. Co. v. Gore, 152 Okla. 269, 4 P. (2d) 690, the claimant went to the employment office of the petitioner and signed up, was examined by the medical examiner and returned to the employment office and started down to the pipe line in his own truck, and when he started to crank his truck he broke his arm. An award in his favor was vacated.

In Hartford Accident & Indemnity Co. v. Lodes, 164 Okla. 51, 22 P. (2d) 361, the claimant employed by the Union Co-operative Gin Company, on the day in question, hauled a load of water for Mr. Ryan, the manager of the gin company. On returning from delivering this water he had gone to his home for dinner, as was his usual custom, and after dinner, while returning as he stated with the intention of hauling another tank of water for the gin, his team became fright-

ened and ran away. An award in his favor was vacated.

I. T. I. O. Co. v. Lewis, 165 Okla. 26, 24 P. (2d) 647. An oil gauger was making up his records at night in his office in the employer's building on the lease While he was so engaged a man appeared at the window, and in the progress of a robbery claimant was shot in the leg. No attempt was made by the robber to molest the property of the employer, and the robbery was perpetrated on claimant and his companions. An award in favor of the claimant made by the State Industrial Commission was vacated.

Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P. (2d) 163. Claimant at or near quitting time left the pipe line work and approached his car with a "bull plug" which he was going to take to the end of the line, and insert in the open pipe and then go home. As he approached his car he was attacked by three drunken men and assaulted. These men claimed that he informed against them to his then employer, which resulted directly in their being discharged. An award in favor of the claimant was vacated.

In Cordell Milling Co. v. Industrial Commission, 173 Okla. 195, 47 P. (2d) 168, claimant was sent with a car of flour, and on the way to Duncan stopped to repair his truck. A robber appeared, accosted him, resulting in the injury claimed. An award in favor of the claimant was vacated.

In Caviness v. Driscoll, 49 P. (2d) 251, the Supreme Court of New Mexico considered the case of an employee at a rock crusher who was driving between two trucks operated on behalf of the employer. He was on the premises of the employer and returning from work over a private road, the most usual route traveled by him and those employed, when his car was caught between two trucks and he was killed. The court held he was not within the terms of the New Mexico act. In Stanolind Pipe Line Co. v. Davis, supra, an excellent review of the cases is made. Therein the court said:

"In order for an accidental personal injury to be compensable under the Workmen's Compensation Act, it must have been sustained not only 'in the course of' but also 'arising out of' the employment, and the two are not synonymous. The words 'in the course of' refer to the time, place and circumstances under which the accident occurred, and the words 'arising out of' refer to the origin and cause of the accident and its connection with the employment."

The above citations cover all of the cases listed by both parties herein and some additional cases, with the exception of the following cases:

Gooldy v. Lawson, 155 Okla. 259, 9 P. (2d) 22. In this case claimant working with the Chevrolet dealer was directed to go to Pryor, Okla., and unload some cars at the depot. While working unloading the cars he sustained the injury of which complaint was made. The award was affirmed upon the doctrine that such work was within the hazardous employment terms of the Compensation Act.

Southland Gasoline Co. v. Loney, 175 Okla. 550, 53 P. (2d) 538, dealt exclusively with whether or not one going from a filling station to another filling station in his automobile was within the rule and terms of hazardous employment.

Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63, involved the rule of hazardous employment, as did Nash Finch Co. v. Harned, 141 Okla. 187, 284 P. 633. The question of whether or not the claimant at the time was in the employ of the company was not involved.

A case which has been cited by our court in a number of opinions is Ocean Accident & Casualty Co. v. State Ind. Com. (Cal.) 159 P. 1041, L. R. A. 1917B, 336. An engineer of a tugboat went ashore on his own business, and while returning to his work and attempting to board his vessel, fell into the water and was drowned. In that case the court said:

"In the very broadest sense, of course, it is true that an injury which happens to a man who is on his way to his place of employment is an injury 'growing out of and incidental to his employment,' since a necessary part of the employment is that the employee shall go to and return from his place of labor. But it is to be noted that the right to an award is not founded upon the fact that the injury grows out of and is incidental to his employment. It is founded upon the fact that the service he is rendering at the time of the injury grows out of and is incidental to the employment. Therefore, an employee going to and from his place of employment is not rendering any service, and begins to render such service only when, as has been said, arriving at the place of his employment he proceeds to use some instrumentality provided, by means of which he immediately places himself in a position to perform his tasks."

The McNicol Case, supra, was one in which the claimant, while in the performance of his duty as a checker for a firm of importers, was injured and died as a result of an assault by an habitual drunkard; the habits of said drunkard being known to the super-

intendent, Mathews, who permitted the drunkard to continue in the work with the employee.

In the case of Southern Surety Co. v. Cline, supra, this court said:

"The McNicol Case, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, is referred to, and quoted with approval by this court, in the case of Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 P. 600, and in other cases from this court. The McNicol Case arose under Workmen's Compensation Act, and was to recover compensation for death of an employee who was shot by another employee. We quote from the body of the opinion as follows:

" 'It (the injury) arises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by reasonable persons familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.' "

Further in the opinion it is said:

"Therefore an employee going to and from his place of employment is not rendering any service, and begins to render such service only when, as has been said, arriving at the place of his employment, he proceeds to use some instrumentality provided, by means of which he immediately places himself in a position to perform his tasks."

And further:

"The California court lays down the rule in the Ocean Accident & Guarantee Company Case, quoted above, that the right to an award is founded upon the fact that the service he is rendering at the time of the injury grows out of, and is incidental to, the employment. Therefore, an employee going to and from his place of employment is not rendering any service, and begins to render such service only when, as has been said, arriving at the place of his employment, he proceeds to use some instrumentality provided, by means of which he immediately places himself in a position to perform his tasks."

In Hartford Accident & Indemnity Co. v. Lodes, supra, this court said:

"In the case of Southern Surety Co. of New York v. Cline, 149 Okla. 27, 299 P. 139, we held that as a general rule a person's employment does not begin until he has reached the place of his employment and does not continue after he has left the premises of his employer. To the same effect, see Oklahoma Natural Gas Corporation v. Union Bank & Trust Co., 149 Okla. 12, 299 P. 159. See recent annotator's note, 83 A. L. R. 216.

"The Supreme Court of Utah, in the case of Fidelity & Casualty Co. v. Industrial Comm., 8 P. (2d) 618, in considering an injury sustained by a delivery boy while he was on his way from home to the hotel to pick up films which he was to have at the employer's place of business by opening time, held that such injury did not arise out of and in the course of his employment."

Some of these cases upon examination might appear to be in conflict, but the principle to be arrived at in each case is the determination of whether the injury arose out of and in the course of the employment. It will be noticed that the more liberal cases are earlier cases based apparently upon the jurisdiction of the State Industrial Commission as the sole judge of the application of the law.

Under the above authorities, if claimant had been working at one position on the line, and trouble developed where his work took him six miles down the highway, and on his way he had a collision and a resulting accident, he would be covered by the provisions of the act; and this would be true whether he was driving his own car or one furnished by the employer. But when he has quit work and is on his way home, has dropped off his helper in the town out of which he works and starts on a journey to his own home, we are of the opinion that the fact that he is in a car furnished by the employer can make no difference. The accident does not arise out of and in the course of his employment.

The award is therefore vacated and the cause remanded, with instructions to dismiss the claim of employee.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.