[S. F. No. 10335. In Bank.—March 13, 1923.]

## LONDON GUARANTEE & ACCIDENT COMPANY, LIMITED, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—INJURY IN EMPLOYMENT—COMPENSATION.—According to the provisions of the Workmen's Compensation Act, an employee, in order to be entitled to compensation, must have been injured by an accident arising out of and in the course of his employment.

[2] ID.—INJURY—TRAVELING TO AND FROM PLACE OF BUSINESS—LIABILITY.—As a general rule, injuries sustained while an employee is traveling to and from his place of employment are held not to come within the provisions of the Workmen's Compensation Act, although in a broad sense they may be said to be incidental to his employment.

[3] ID.—EXCEPTIONS TO RULE.—Exceptions to such general rule are cases where an employee, either in his employer's or his own time, is going to or from his place of employment on some substantial mission for his employer growing out of his employment; in such cases it is held that the employee is within the protection of the act, but the mission must be the major factor in the journey or movement, and not merely incidental thereto.

[4] ID.—INJURY WHILE AWAY FROM PLACE OF BUSINESS—NON-LIABILITY.—An employee cannot recover for injuries, under the Workmen's Compensation Act, where the facts are that he, having some important figuring to do for his employer, and desiring a quieter place than the office of his employer in which to do it, with the employer's approval, took the work to his home, where he arrived about 11 o'clock in the forenoon and finished his cal-

---

2. Injuries received while going to and from work within meaning of Workmen's Compensation Acts, notes, Ann. Cas. 1913C, 4; Ann. Cas. 1914B, 498; L. R. A. 1916A, 331; L. R. A. 1917D, 114; L. R. A. 1918F, 907.

culations about 12:30 o'clock, then had his lunch, and as he was approaching the outer door of his home to leave for the office slipped on the hardwood floor and sustained a fracture of the hip, the accident occurring a little before 1 o'clock.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Carroll S. Bucher and Walter H. Linforth for Petitioner.

A. E. Graupner for Respondents.

KERRIGAN, J.—This is an application for a writ of review of an award of the Industrial Accident Commission, made to defendant M. Schottik, an employee of Hinz & Landt, a corporation doing business in San Francisco, and against the petitioner, London Guarantee & Accident Company, the insurance carrier. The proceeding before the commission was dismissed as to the employer.

The pertinent facts may be stated to be that M. Schottik was employed by Hinz & Landt in the capacity of assistant manager. He was injured on April 1, 1922, under the following circumstances: Having some important figuring to do for his employer, and desiring a quieter place than the office of his employer in which to do it, he, with such employer's approval, took the work to his home. He arrived there at about 11 o'clock in the forenoon, and he had finished his calculations about 12:30 o'clock. He then ate his lunch, and as he was approaching the outer door of his home to leave the premises for the purpose of returning to the office he slipped on the hardwood floor and sustained a fracture of the hip, the accident occurring a little before 1 o'clock. It was not his habitual custom to go home for lunch but it was not an unusual occurrence for him to do so.

In support of its application for a writ of review the petitioner urges that the accident having occurred after the completion of the work upon which Mr. Schottik was engaged for his employer and during the time that he was devoting to his ordinary midday cessation of activity for the purpose of taking lunch, it cannot reasonably be said to have arisen in the course of his employment, notwithstanding the fact that the purpose which had brought him

to his home was to perform work for his employer, and hence is not a compensable injury under the terms of the Workmen's Compensation Act (Stats. 1917, p. 831).

[1] According to the provisions of that act an employee, in order to be entitled to compensation, must have been injured by an accident arising out of and in the course of his employment. [2] As a general rule, injuries sustained while an employee is traveling to and from his place of employment are held not to come within the provisions of the act (*Ocean Accident & G. Co.* v. *Industrial Acc. Com.*, 173 Cal. 313 [L. R. A. 1917B, 336, 159 Pac. 1041]; Bradbury's Workmen's Compensation, 3d ed., p. 468), although in a broad sense they may be said to be incidental to his employment. [3] Exceptions to the general rule are cases where an employee, either in his employer's or his own time, is going to or from his place of employment on some substantial mission for his employer growing out of his employment. In such cases it is held that the employee is within the protection of the act. But the mission must be the major factor in the journey or movement, and not merely incidental thereto, that is to say, if incidental to the main purpose of going to or from the place of employment it would not bring such person under the protection of the act. If, on the other hand, the main purpose of going or coming was to perform some act arising out of his employment he would be under the protection of the act, although, incident to the performance of such duty, he might be going or coming from his home.

[4] In the case at bar, if the injury had occurred while he was on his way to or from home, he intending to take lunch after his return to the office with the computations, we think his presence in his home would have been attributable entirely to the performance of the work which had taken him there; but under the circumstances of this case it must be held that, having remained in his home after the completion of the work for the purpose of taking his lunch, his object in going there was accomplished, and his service to his employer was not resumed until his return to his place of employment; and that the carrying of the computations to the office was merely incidental to his main purpose of returning there. He is in no different position than if he had gone to a restaurant for his lunch and had

there slipped on the floor, or if he had finished his work in his home late in the afternoon, and had remained at home until the following morning, intending to take the computations with him to the office at that time. We think, therefore, that his injury, suffered under the circumstances detailed, was not one coming within the provisions of the act.

The author of Bradbury's Workmen's Compensation, in the chapter of his work devoted to the question of what injuries may be said to arise out of and in the course of the employment, cites a number of cases in which the injury was held not to be within the protection of the act. Thus a boy employed in a general store was accustomed on going to work each morning to buy vegetables for his employer at a market located on the direct route from his home to the store. He was accidentally injured by a collision with a street-car while on his way to work and before reaching the market (p. 468).

A laundry driver, after putting up his team for the night, was injured while riding home on his bicycle. It was held that the accident did not arise out of his employment; that the rights of the parties were not affected by the fact that the laundry driver was accustomed, after putting up his team for the night, to gather and leave laundry at residences while riding home on his bicycle, when, as a matter of fact he was not performing these services on the evening of the accident; nor were the rights of the parties affected by the fact that the employee was taking his employer's account-books home at night for the purpose of working on them, instead of doing this work at the employer's office, where desk room was furnished for the purpose. (Id., p. 469.)

An employee whose duty it was to mail letters on her way to the train when returning home at night from her place of work, while crossing the track after mailing the letters was struck by a train and injured, and it was held that the injury did not arise out of the employment. (Id., p. 470.)

A police judge, under the terms of his employment, was expected to give only part of his time for such work, being allowed the remainder of the time for his private practice as a lawyer. He had no understanding with the city as to the exact number of hours he was to give it, what hours of the day he was to be available for public business, or what

hours should be reserved for his private affairs. In fact, he set his own hours for holding court, and allowed himself to be interrupted at any time of the day or night to dispose of judicial duties arising outside the courtroom. He was accustomed to draw papers, fix bail, hear small cases, etc., at his private office or elsewhere whenever called upon. At the time of the accident he was returning to his private office from luncheon at his home, intending to get some police court papers at his office, where they had been prepared, and, about an hour afterward, to go directly to the courtroom to call his calendar. While crossing the street in going toward his own office he was struck by an automobile and severely bruised and injured. It was held that the injury did not arise out of his employment. (Id., p. 489.)

We think it follows from what we have said that the Industrial Accident Commission acted without its jurisdiction in making the award in question. The award should be annulled, and it is so ordered.

Waste, J., Myers, J., Lennon, J., Wilbur, C. J., and Seawell, J., concurred.

LAWLOR, J., Dissenting.—I dissent.

In my opinion this is a case in which it may be said the employee's mission for his employer at the time of his injury was the "major factor in the journey." It was found that "he sustained a fracture of the hip by reason of accidentally slipping and falling upon the floor of his own home as he was in the act of leaving it during the noon hour in order to return to the premises of employment, several blocks away, which he had quit about two hours previously in order to make certain exacting computations of prices, required by his employment, under the conditions of quiet offered by his home and not available at the place or vicinity of employment, and which computations he had finished just prior to partaking of a hurried luncheon immediately before starting for the place of employment." The evidence offered on behalf of the employee, which is not contradicted, discloses that the employee often, with the full permission and authority of his superior in the company, took data home to figure prices from; that it was necessary he have a quiet place in which

to do that particular work; that the office was too noisy and that he had no place other than his home in which he could work quietly. He frequently would take the papers to his residence during the day, complete the work and return to the office. It is not questioned that it was proper for him to do the figuring at home on the day of the accident, and it does not appear that he was customarily required to take his lunch at any particular time. On the contrary, it does appear that his time was his own and that he came and went as he pleased, working at such hours as he saw fit.

On this occasion he had, an hour and a half before eating, gone home for the purpose of doing the figuring. It was not his custom to go home to lunch; he did so only five or six times a month and he testified that on the day in question he would have taken lunch in a restaurant down-town had he not gone home on his employer's business. That his lunch on that day was a matter of minor import is shown by the fact that he ate only a piece of bread and cheese; that he got ready to go back to the office, washed his hands, ate lunch and started, all in less than half an hour.

From these facts it seems clear that this is not similar to an ordinary case wherein an employee is injured while on his way to or from work, or while out at his meals. In the case at bar the employee, as part of his duty, had gone to the office, procured the papers on which he was to work and had proceeded to his home because of the necessity of figuring on the prices in quiet. It was also necessary for him to return to the office with the completed calculations. If the figuring had been done at any time of the day, either at the office or at his home, and no other element were present, it would not be claimed the employer was not liable. It is conceded that if he had not stopped to eat the accident would be brought within the provisions of the act. It is asserted that because the employee had stopped to take lunch, the time of taking which was within his own volition, what followed was not in the course of and did not arise out of his employment and that the return trip was at his own risk. I know of no other authority which goes to this extent. This is not a case where the employee has departed from the course of travel for purposes of his own. The

rights of the employer were not prejudiced in any way by the incident of the lunch, for when the employee picked up the papers to leave he started for the door just as he would have done had he left the house without stopping to eat. It is not claimed that the act of eating was an efficient cause of the accident, and the risk was the same whether he ate or not. But because he may have deviated slightly, notwithstanding such deviation was in no way connected with the injury and he had resumed his employment when the accident occurred, it is held the rest of the journey would be at his own risk. In other words, it is held that because there may not have been an unbroken line of action by the employee after the figuring was completed he must be denied compensation for his injury. Under the rule laid down in the majority opinion it would be difficult to conceive of a case where the slightest lack of continuity in the work in hand would not relieve the employer of liability. Such a result is entirely opposed to the spirit of the compensation act and tends to a subversion of its beneficent purposes.

Rehearing denied.

All the Justices concurred except Lawlor, J., and Seawell, J., who dissented.