GREER v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4764.   Decided July 13, 1929.   (279 P. 900.)

*Henderson & Johnson,* of Ogden, for plaintiff.

*George P. Parker,* Atty. Gen., and *M. Logan Rich,* Asst. Atty. Gen., for Commission.

*Bagley, Judd & Ray,* of Salt Lake City, for other defendants.

FOLLAND, J.

This is a review of an action of the Industrial Commission in denying compensation to petitioner on account of the death of her husband.

The single question before us is whether the injury resulting in death arose out of or in the course of the employment of the deceased.

H. C. Greer, the deceased, was an employee of the Union Stockyards at Ogden, Utah, as foreman and carpenter. He had been so employed for several years prior to his death. In the winter season he worked from 8 o'clock a. m. to 5 o'clock p. m., and in the summer from 7 o'clock a. m. to 4 o'clock p. m. He was subject to call for emergency work at other hours and on Sundays. He received $120 per month. As carpenter and foreman it was his duty and custom to look after the tools and see that they were kept sharpened. It was the custom of Mr. Greer to take the company's saws to his home and there sharpen them and bring them back to the stockyards. He would take a saw home in the evening, sharpen it at home, and bring it back with him on the following morning. On the morning of the accident he was proceeding to the company's place of business following the usual course of travel which leads over a viaduct crossing railroad tracks on Twenty-Fourth street, and was carrying a saw belonging to the company. This saw he had taken home, and had sharpened the evening before. While crossing the viaduct, he was offered a ride by a fellow workman in an automobile, which came to a stop. While crossing from the pedestrian's walk on the viaduct to the waiting automobile, he was struck by a truck and severely injured. His injuries resulted in death the following day. The accident occurred shortly before 8 o'clock a. m.; the employee expecting to start work at 8 o'clock at the company's place of business.

After a full hearing, the commission made findings, which, after reciting the facts, stated:

(3) "The commission further finds that the applicant has not sustained her burden of proving that her husband's death was because of an accident arising out of or in the course of his employment."

The commission thereupon ordered that compensation be denied.

There is nothing significant in the fact that the accident happened upon the viaduct. There is no contention made by petitioner that she is entitled to recover because of circumstances connected with the place where the accident happened. It is contended solely that the deceased was engaged in the company's business at the time of the accident because of the fact that he was carrying the saw and returning it to the company's place of business after he had sharpened it at his home the night before. There is no conflict in the testimony. The single question presented is as to whether the fact that the deceased was carrying the saw excepted him from the rule that ordinarily one is not covered by the Compensation Act while traveling from his home to his place of business.

We are of the opinion that the findings and conclusions of the Industrial Commission must be sustained upon the authority of *London Guarantee & Acc. Co.* v. *Industrial Acc. Comm. et al.,* 190 Cal. 587, 213 P. 977; *Scanlon* v. *Herald Co.,* 201 App. Div. 173, 194 N. Y. S. 663; *De Voe* v. *New York St. Rys.,* 218 N. Y. 318, 113 N. E. 256, L. R. A. 1917A, 250. In these cases the facts were stronger in favor of petitioners than in the instant case. In each case compensation was denied.

In London Guarantee Case is a statement of the exceptions to the general rule, as follows:

"Exceptions to the general rule are cases where an employee, either in his employer's or his own time, is going to or from his place of employment on some substantial mission for his employer growing out of his employment. In such cases it is held that the employee is within the protection of the act. But the mission must be the major factor in the journey or movement, and not merely incidental thereto; that is to say if incidental to the main purpose of going to or from the place of employment, it would not bring such person under the protection of the act. If on the other hand, the main purpose of going or coming was to perform some act arising out of his employment, he

would be under the protection of the act although, incident to the performance of such duty, he might be going or coming from his home."

The petitioner had returned to his home for the purpose of making computation for his employer. Desiring a quieter place than the office, he took the work to his own home, arriving at 11 o'clock in the forenoon, and finishing his calculations at about 12:30. He then ate his lunch, and, as he was approaching the outer door of his home to leave the premises for the purpose of returning to the office, carrying with him the papers upon which he had made his calculations, he slipped and fell sustaining an injury.

In the Scanlon Case petitioner sustained a fall upon a public street while carrying advertising matter which he had taken home for the purpose of preparing for publication. The accident occurred after he had finished the work which he had taken home and had eaten his supper. On his way back to the office he suffered the accident.

In the De Voe Case the employe was injured by an automobile in the street while on his way to have his watch tested. The company's rule required the employee's watch to be tested once in two weeks by a certain named watchmaker. It was there held, in denying compensation:

"He was not injured while on duty, nor in his working hours, nor on his way to or from his duty within the precincts of the company."

Under the facts in the instant case, it is clear that the deceased was not upon any special mission for his employer at the time of the accident. There was nothing that he was doing for his master at the time which exposed him to the perils of the street. He was merely going from his home to his place of employment. The fact that he was carrying the saw was merely incidental. The employee did not come within any of the exceptions to the general rule.

Petitioner cites and relies upon the following cases: *Chandler* v. *Industrial Commission,* 55 Utah 213, 184 P. 1020, 8 A. L. R. 930; *Chandler* v. *Industrial Commission,* 60 Utah 387, 208 P. 499, 500; *Beaver City* v. *Industrial Commission,* 67 Utah 8, 245 P. 378.

The Chandler Cases were two reviews growing out of the same accident. In the first one the decision was on demurrer and the second after a hearing upon evidence. In that case the deceased was employed to deliver meats. He was bitten by a dog while on his way to his employer's garage for the purpose of getting the delivery car which he used. The decision favorable to the petitioner in that case was based upon the ground that under the facts of that particular case "Chandler's going to the garage was a distinct part of a definite duty—more than merely going to work, and actually an errand for his employer at the time of the accident."

The Beaver City Case was one where the city marshal was awarded compensation for an injury caused by the accidental discharge of a gun he was required to carry while cleaning it at his residence. The Beaver City Case is not in point on the facts with the instant case.

In this case the deceased was not injured while sharpening the saw at his home. The accident did not occur while he was actually engaged in the performance of a duty for the employer. The dangers of the street between his home and the stockyards were not incident to his employment, but were dangers common to all.

The order of the commission denying compensation is affirmed.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.