KAHN BROS. CO. et al. v. INDUSTRIAL
COMMISSION et al.

No. 4933.　Decided December 19, 1929.　(283 P. 1054.)

*Irvine, Skeen & Thurman,* of Salt Lake City, for plaintiffs.

*George P. Parker,* Atty. Gen., *M. Logan Rich,* Asst. Atty. Gen., and *Stewart, Alexander & Budge,* of Salt Lake City, for defendants.

FOLLAND, J.

The applicant, Charles A. Doe, an employee of Kahn Bros. Company, was severely injured, January 21, 1929, while crossing a public street in Salt Lake City en route from his home to the Salt Lake post office. An award of compensation was made in favor of the applicant by the Industrial Commission of Utah. The only question raised in this review is whether the accident was one arising out of or in the course of employment. The facts are without dispute, having been stipulated by the parties.

Applicant, a bookkeeper for Kahn Bros. Company, 45 South Third West street, resided at the Fremont apartments, 50 East Fifth South street, both in Salt Lake City. He had charge of the books of the company, handled the office and business work, including the receiving of receipts and depositing same at the National Copper Bank. He customarily did general uptown business for his employer, such as making collections, credit investigations, and calling for the company's mail at the post office. This uptown business was habitually cared for by him on his way home to lunch or on his way back to the office after lunch. His custom was to make the bank deposit on his way home and make the other calls after leaving home and before going back to his office. He always called at the Salt Lake post office, located on Main street between Third South and Fourth South streets, on the return trip after lunch. Applicant had no regular time for lunch, but would leave the office at

such times as he could conveniently get away, frequently barely in time to reach the bank before it closed. He did not take a full hour for lunch, but often hurriedly left home to keep his business engagements in town for the employer. On the day of the accident, Doe visited the bank, made his deposit, ate his lunch at home, and had proceeded from his home towards the post office, when struck by an automobile as he was walking northerly across Fifth South street on the east side of the main street intersection. He was then on his way, by the most direct route, to the post office, for the purpose of collecting the company's mail. It was his purpose to go to the office of the Mutual Coal Company in the Clift building and to the Lincoln G. Kelly Company in the Walker bank building before returning to the office. All these calls were strictly in the performance of his duty in behalf and under the direction of the employer.

It is a general rule that injuries sustained while an employee is traveling to and from his place of employment are not compensable. An exception to this rule, however, is where an employee, either on his employer's or his own time, is upon some substantial mission for the employer growing out of his employment. In such cases the employee is within the provision of the act. The mission for the employer must be the major factor in the journey or movement and not merely incidental thereto. *London Guaranty & Accident Co.* v. *Industrial Accident Commission*, 190 Cal. 587, 213 P. 977. The precise question for decision therefore is, was applicant in the course of execution of an errand or special mission on behalf of the employer at the time he suffered the accident. If he was the award must be sustained. From the undisputed evidence we are of the opinion that the applicant was, while on his way to the post office, in the performance of a special mission for his employer. He was doing the errand he was directed to do. He resumed the purpose of his employment when he left home bound for the post office and the other offices where his business called him.

This court has decided the issue here presented in the case of *Chandler* v. *Industrial Commission,* 60 Utah 387, 208 P. 499, 500. The language from that case, which we quote below, clearly and decisively applies to the facts of the present case. Chandler left his home in the morning to go to his employer's garage, and on the way was attacked and injured by a dog. His purpose in going to the garage was to get the delivery car of his employer. This court held the accident was one arising out of and in the course of the employment just as though Chandler had gone to his employer's place of business and had been ordered by the employer to go to the garage for the purpose of obtaining the car. Knowing what his duties were, it was unnecessary for him to first go to his place of business before entering his employment. The court said:

"He was obeying the order of his employer, the order to proceed to the garage for the purpose of attending to his duties there. * * * Chandler's going to the garage was a distinct part of a definite duty— more than merely going to work, and actually an errand for his employer at the time of the accident."

Applicant here, in proceeding to the post office, to the Mutual Coal Company's office, and to the Lincoln G. Kelly office, was carrying out a distinct and definite duty on behalf of the employer, and this he was doing in the same manner as he had customarily discharged his duties for several years. Having completed his lunch, he immediately resumed the employment of his employer by going directly to the post office. While in the discharge of this errand, on his way to the post office, the accident happened which caused his injury. The Industrial Commission had before it ample evidence upon which to find that the accident was one arising out of and in the course of the employment. The conclusion we reach is further supported by the following cases: *Burton* v. *La Duke,* 61 Utah 78, 210 P. 978; *Beaudry* v. *Watkins,* 191 Mich. 445, 158 N. W. 16, L. R. A. 1916F, 576; *Consolidated Underwriters* v. *Breedlove,* 114 Tex. 172,

265 S. W. 128; *Reese* v. *National Surety Co.*, 162 Minn. 493, 203 N. W. 442.

Plaintiffs cite the general rule that an employee is not entitled to compensation for an injury received while on his way to or from his employment, and insist that the applicant here is not shown to come within one of the exceptions to that rule, and that his work in calling for the mail, together with other errands to be performed, was merely incidental to the main purpose of going home for his noonday meal. Under the decisions above cited, this theory cannot be sustained. The cases cited by plaintiffs accurately announce the general rule, together with the exceptions, but not one of these cases is directly in point on the facts. Cases cited are the following: *Reed* v. *Bliss & Van Auken Lumber Co.*, 225 Mich. 164, 196 N. W. 420; Ruegg on Employer's Liability and Workmen's Compensation 377; *Cudahy Packing Co.* v. *Industrial Commission*, 60 Utah 161, 207 P. 148, 28 A. L. R. 1394; *Bountiful Brick Co.* v. *Industrial Commission*, 68 Utah 600, 215 P. 555; *North Point Consolidated Irrigation Co.* v. *Industrial Commission*, 61 Utah 421, 214 P. 22.

The award is sustained.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.