## FIDELITY & CASUALTY CO. et al. v. INDUSTRIAL COMMISSION et al.

No. 5211.  Decided March 1, 1932.  (8 P. [2d] 617.)
Rehearing denied July 23, 1932.

*Hurd & Hurd,* of Salt Lake City, for plaintiffs.

*Geo. P. Parker*, Atty. Gen. and *J. K. Smith*, of Salt Lake City, for defendants.

ELIAS HANSEN, J.

This is a proceeding to review an order of the Industrial Commission of Utah whereby the commission awarded compensation to Annie S. Shufelt because of the death of her son Edwin J. Shufelt, also known as Edwin J. Cooper. Plaintiffs complain of the award because, as they claim, there is no evidence which supports or tends to support the commission's conclusion that the deceased was killed by reason of an accident arising out of or in the course of his employment. Plaintiffs also seek to have the award annulled because, as they contend, there is no evidence which supports the commission's finding that Annie S. Shufelt was dependent upon her son at the time he received the injury which resulted in his death. The evidence taken before the commission is not in conflict. The following facts are established by the evidence: At the time complained of the plaintiff Walgreen Company was subject to the Workmen's Compensation Act (Comp. Laws 1917, § 3061 et seq., as amended). It carried insurance with the plaintiff Fidelity & Casualty Company. At the time of his death Edwin J. Shufelt lacked about two months of being eighteen years of age. Prior to his death he resided with his mother at 1258 Sherman avenue, Salt Lake City, Utah. He was in the employ of Walgreen Company, which conducted a kodak plant at 63 South West Temple street in Salt Lake City, Utah. Edwin's duties required him to use a bicycle to make deliveries of kodak films. At the time he received the injury which resulted in his death and for some months prior thereto, he owned a bicycle and used it for the purpose of collecting and delivering films for his employer and for going to and from work. Edwin's duties required him to call each morning, except Sundays, at the Semloh Hotel at Second South and State streets and at the Union Pacific Depot at Third West and South Temple streets, and there pick up films and bring them to the plant of his employer. He was

required to be at the company's plant at 8 o'clock a. m. He worked at the plant until about 4:30 p. m., when he was required to deliver kodak lims to the patrons of his employer. On April 22, 1931, at about 7:30 a. m., Edwin, while riding his bicycle, collided with a street car at the intersection of Sherman avenue and Eleventh East streets, Salt Lake City, Utah, and as a result of such collision he received injuries from which he died a few hours after the accident. At the time of the accident he had with him a bag furnished by the Walgreen Company for the purpose of carrying films. The place where the fatal accident occurred is about three miles from the Semloh Hotel and about one and one-half blocks from where Edwin and his mother resided. At the time of his death and for some months prior thereto, Edwin was receiving a salary of $10 per week. His mother testified that he gave his money to her; that it cost about $3 per week to board him; that she gave him some money to spend; that he did not spend much money for clothing; and that he assisted about the house. Mrs. Shufelt further testified that her husband did not support her and that she worked out when she was able to get work. Gordon D. Peck testified that he was employed by the Walgreen Company as the manager of the Company's plant; that when Edwin was employed he was informed that his work would begin at the Bingham Stage Line office, which was in the Semloh Hotel at Second South and State streets. Mrs. Shufelt assigned her claim against the street car company to the plaintiffs in this proceeding. Upon substantially the foregoing testimony the commission awarded Mrs. Shufelt compensation at the rate of $5 per week for 312 weeks.

The commission found that at the time Edwin met with the fatal accident he was on his way to work. Plaintiffs complain of that finding. The fact that the accident occurred at 7:30 a. m., one-half hour before Edwin was due to report at the plant of the Walgreen Company, the fact that he had with him at the time of the accident the bag which he used to carry films, and the further fact that the accident occurred in a direct line between his

home and the Semloh Hotel where he was required to call for the films, justify the inference that the deceased was on his way to work at the time he sustained the injuries which caused his death.

The troublesome question presented by this record is: Did the injuries which caused the death of Edwin J. Shufelt arise out of or in the course of his employment? It is a general rule of law that an injury sustained by an employee while going to or returning from his place of work upon his own initiative in a conveyance of his own choosing and on his own time is not an injury arising out of or in the course of his employment and hence an injury thus sustained is not compensable under Workmen's Compensation Acts. This court is committed to such doctrine. *North Point Consol. Irr. Co.* v. *Industrial Commission*, 61 Utah 421, 214 P. 22; *Greer* v. *Industrial Commission*, 74 Utah 379, 279 P. 900; *Denver & Rio Grande W. R. Co.* v. *Industrial Commission*, 72 Utah 199, 269 P. 512, 62 A. L. R. 1436; *Covey-Ballard Motor Co.* v. *Industrial Commission*, 64 Utah 1, 227 P. 1028. There are some exceptions to the general rule. One of such exceptions is where an injury results because of a danger or peril incident to the use of a particular method or means of approach to the place of work. *Cudahy Packing Co.* v. *Industrial Commission*, 60 Utah 161, 207 P. 148, 28 A. L. R. 1394; *Bountiful Brick Co.* v. *Industrial Commission*, 68 Utah 600, 251 P. 555. It is clear that this case does not fall within that exception. Another exception to the general rule is where an employee while going to or from work on his own time or that of his employer is engaged, when injured, in some substantial mission for his employer growing out of his employment. *Kahn Bros. Co.* v. *Industrial Commission*, 75 Utah 145, 283 P. 1054. It is urged on behalf of the defendants that the instant case falls within the rule announced in the case just cited and also within the rule announced in the case of *Chandler* v. *Industrial Commission*, 60 Utah 387, 208 P. 499, 500.

In the case of *Kahn Bros.* v. *Industrial Commission,* supra, the applicant for compensation was injured while on his way to the post office to get his employer's mail. It was his custom to go home for lunch at such time as he could conveniently get away from his work and while out for lunch to run errands for his employer. On the day the applicant received the injury complained of he made deposit at a bank, ate his lunch at home, and had proceeded from his home towards the post office when he was struck by an automobile. It was his purpose to call on two other business houses on errands for his employer before returning to his employer's place of business. The commission awarded him compensation and the award was affirmed by this court. In that case it was necessary for the applicant to leave his employer's place of business in order to perform the errands required of him. He was in the performance of one of such errands at the time he received his injury. It was held that the fact that he ate his lunch at home did not defeat his right to recover.

In the case of *Chandler* v. *Industrial Commission,* supra, the facts were these: George Chandler was a deliveryman employed to deliver meat. His hours of employment were from 7 a. m. to 6 p. m. Chandler kept the automobile which he used in making deliveries in a garage in the rear of his employer's residence. He was directed by his employer to go to the garage and get the delivery automobile which he used and to see that the other delivery automobiles were supplied with gas, oil and water. One morning after 7 o'clock while Chandler was on his way from his home to the garage he was bitten by a mad dog. About two months thereafter he was taken violently ill and died of hydrophobia. This court held that the facts in the Chandler Case brought it within one of the exceptions to the general rule that an employee injured while on his way to work does not come under the protection of the Compensation Act and that his dependents were entitled to compensation. In the course of the opinion this court said:

"He [Chandler] took the direct route to the garage during working hours, and, at the very time he was bitten by the dog, he was engaged in the furtherance of his employer's business and not on an errand of his own. He was obeying the order of his employer, the order to proceed to the garage for the purpose of attending to his duties there. He was under the control and direction of his employer from the moment he left home to go to the garage for the automobile, and was at that time in the course of, and within the scope of, his employment."

The facts in the case of *Kahn Bros.* v. *Industrial Commission,* supra, are readily distinguishable from the facts in the instant case. The applicant in the former case was required to leave his employer's place of business to perform errands for his employer. While engaged in the performance of such errands he was clearly within the protection of the Workmen's Compensation Act. He performed an errand for his employer before he ate lunch and was on an errand for his employer at the time he was injured. The fact that he ate lunch at home did not preclude him from the protection of the Workmen's Compensation Act, because during the major part of the time he was away from his employer's place of business he was engaged in the furtherance of his employer's business and was so engaged at the time of his injury. The Chandler Case tends more nearly to support the award in the instant case, but that case does not go to the full extent that is necessary to go to support the award here under review. At the time Edwin received the injuries which caused his death he was in no sense under the control of his employer. If the testimony of Mr. Peck is to be believed, his employment did not begin until he reached the Semloh Hotel. He was at perfect liberty to take whatever course he desired in reaching the Semloh Hotel. The time when he was to enter upon his employment had not yet arrived. Under the facts in this case we are unable to perceive of any reason why the general rule, that an employee on his way to work is not within the protection of the Workmen's Compensation Act, does not apply. The mere fact that Edwin was required to remain at the Semloh Hotel only long enough to

pick up films does not justify the conclusion that he was under the protection of the act when he was about three miles from the hotel on his way to work. It may be noted that the deceased could call at the Semloh Hotel without deviating from his course of travel in coming from his home to the plant of his employer. If the place of employment of the deceased had been at the Semloh Hotel, there would be no doubt under the authorities that Mrs. Shufelt would not be entitled to an award of compensation because of his death. There is no valid reason for applying a different rule merely because Edwin could perform his duties at the Semloh Hotel in a short time. The rule should be the same whether Edwin's duties at the hotel required a minute, an hour or a full day. Any other rule finds no support in reason and, as we believe, is without support in law. The fact that Edwin had with him at the time of the accident the bag which his employer furnished him for carrying films is not of controlling importance. *Greer* v. *Industrial Commission,* supra.

The evidence in this case is sufficient to support the commission's finding that Mrs. Shufelt was, to some extent at least, dependent upon her son Edwin for her support. The award must be, and it accordingly is, annulled because the evidence does not support the finding that Edwin's death was caused by an accident arising out of or in the course of his employment. Such is the order.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.