**HARTFORD ACCIDENT & INDEMNITY CO. et al. v. LODES et al.**

No. 23862.   Opinion Filed May 9, 1933.

Rehearing Denied May 31, 1933.

L. P. Oldham and W. R. Withington, for petitioners.

Charles G. Ozmun, for respondent.

McNEILL, J. This original action involves an award of the State Industrial Commission rendered on June 18, 1932, in favor of John M. Lodes, respondent herein. Petitioners seek a review of this award. The Commission found that respondent was engaged in a hazardous occupation covered by the Workmen's Compensation Law, and that said respondent sustained an accidental personal injury arising out of and in the course of said employment, when a team ran away breaking a leg of respondent. As a result thereof, the Commission made an award for temporary total disability.

It appears that the respondent, during the fall of 1931, had been hired by the Farmers Union Co-Operative Gin Company to haul water for the gin of said company. This water was used to cool the motors or engines of the gin. The engine or motors were connected to two galvanized tanks into which the water was emptied by respondent from the tank on the wagon, and these tanks formed the reservoir of the cooling system of the engines. Respondent used his own wagon and team. The gin company furnished the tank for the wagon and the pump used in filling the wagon tank. Respondent received $3 per day, if he hauled as many as two loads, and $1.50 per day, if he hauled one load. He commenced his work September 24, 1931, and worked until October 10, 1931, being the date of the accident in question. It was his duty to inspect the tanks to ascertain if there was need of filling them, and to keep the tanks at a proper level. In making this inspection, it was necessary for respondent to pass through the press room of the gin where machinery was being used. A view from the window of the press room was the only way he could determine the water level from the higher tank.

Respondent lived approximately a mile and a half from the gin, and hauled the water from different places. He also hauled water to others and made his independent charges for those services. On the day in question he hauled water for Mr. Ryan, the manager of the gin company. He arrived at the plant about one o'clock in the afternoon on the day he was injured. When he was at the office of the gin company, Mr. Ryan asked him to take a load of water to his stock from the tank of the Indiahoma Company, which was near the plant. It appears that respondent was returning from delivering this water after he had gone to his home for dinner, as was his usual custom, and, while returning, as he states, with the intention to haul another tank for the gin on that day, his team became frightened and ran away. This was about 40 or 50 rods from the gin, and respondent was thrown from the wagon and sustained the injuries which are the basis of the award. Petitioners urge the following propositions:

(1) The claimant in this case was an independent contractor. The evidence so showed, and for this reason he was not employee and could not come under the Workmen's Compensation Law.

(2) The burden was upon the claimant to show that his injury arose out of and in the course of his employment, and where he fails to sustain this burden, he is not entitled to recovery.

We consider the second proposition as determinative of the questions at issue. On this question respondent, in answer to a question relative as to whose business he was engaged in at the time of the accident, stated: "On the way to haul a load of water for the gin." It is apparent from the record that he had not reported at the gin after he had delivered the water to the cattle of Mr. Ryan. This work of delivering this load of water for the stock of Mr. Ryan was not the work of his master, the Farmers Union Co-Operative Gin Company. It is contended by petitioners that he was going to the gin to see if the tanks needed filling, and that if they did he was then planning to haul a load of water. In other words, that he was simply going to see if he had to go to work.

In the case of Southern Surety Co. of New York v. Cline, 149 Okla. 27, 299 P. 139, we held that, as a general rule, a person's employment does not begin until he has reached the place of his employment, and does not continue after he has left the prem

ises of his employer. To the same effect, see Okla. Natural Gas Corporation v. Union Bank & Trust Co., 149 Okla. 12, 299 P. 159. See recent annotator's note, 83 A. L. R. 216.

The Supreme Court of Utah, in the case of Fidelity & Casualty Co. v. Industrial Comm., 8 P. (2d) 617, in considering an injury sustained by a delivery boy while he was on his way from home to the hotel to pick up films, which he was to have at the employer's place of business by opening time, held that such injury did not arise out of and in the course of his employment. In considering this question, the court, in the body of the opinion, said:

"The troublesome question presented by this record is: Did the injuries which caused the death of Edwin J. Shufelt arise out of or in the course of his employment? It is a general rule of law that an injury sustained by an employee while going to or returning from his place of work upon his own initiative in a conveyance of his own choosing and on his own time is not an injury arising out of or in the course of his employment, and hence an injury thus sustained is not compensable under Workmen's Compensation Acts. This court is committed to such doctrine. North Point Consol. Irr. Co. v. Industrial Commission, 61 Utah, 421, 214 P. 22; Greer v. Industrial Commission, 74 Utah, 379, 279 P. 900; Denver & Rio Grande W. R. Co. v. Industrial Commission, 72 Utah, 199, 269 P. 512, 62 A. L. R. 1436; Covey-Ballard Motor Co. v. Industrial Commission, 64 Utah, 1, 227 P. 1028. There are some exceptions to the general rule. One of such exceptions is where an injury results because of a danger or peril incident to the use of a particular method or means of approach to the place of work. Cudahy Packing Co. v. Industrial Commission, 60 Utah, 161, 207 P. 148, 28 A. L. R. 1394; Bountiful Brick Co. v. Industrial Commission, 68 Utah, 600, 251 P. 555. It is clear that this case does not fall within that exception. Another exception to the general rule is where an employee while going to or from work on his own time, or that of his employer, is engaged, when injured, in some substantial mission for his employer growing out of his employment. Kahn Bros. Co. v. Industrial Commission, 75 Utah, 145, 283 P. 1054."

Our statute, section 7285, C. O. S. 1921, provides that every employer subject to the provisions of the Workmen's Compensation Law shall pay compensation for the disability of his employee, resulting from an accidental personal injury sustained by such employee, arising out of and in the course of his employment, without regard to fault as to cause of such injury, etc. The disability occasioned by an injury sustained by the employee must arise out of and in the course of the employment with his master. It must be that the employee at the time of the injury is in pursuance of such employment, and is rendering service for his master at the time he received the accidental personal injury, and not serving his own personal ends in a mission of his own.

To constitute an injury arising out of and in the course of employment, there must be existing at the time of the injury the relationship of master and servant between employer and employee, and such employee cannot bring himself within the provisions of the Workmen's Compensation Law for an accidental personal injury sustained by him, unless at the time of the injury he is on some substantial mission for his employer growing out of, or incidentally or specifically connected with, such employment. He must be rendering some service to his master at the time of the injury, and he thereby places himself in a position whereby he assumes his task under the relationship of master and servant. See Oldham v. Southwestern Surety Ins. Co., 1 Cal. Industrial Accident Commission Decisions (Nov. 17 1914) 7; Ocean Accident & G. Co. v. Industrial Commission (Cal.) 159 P. 1041.

In the light of the foregoing, we conclude that respondent, at the time of the injury, was not rendering any service to his master, and did not sustain an injury arising out of and in the course of his employment.

Award vacated, set aside, and cause remanded to Commission to dismiss the claim of respondent.

CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., and BUSBY, J., absent.