NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH KROMLEY, PETITIONER, v. BOARD OF EDUCA-
TION OF THE BOROUGH OF SOUTH RIVER, NEW
JERSEY, RESPONDENT.

Decided August 9, 1935.

For the petitioner, *Smith & Dickerson* (by *George Lewis Smith*).

For the respondent, *Avidan & Avidan*.

The question in the case *sub judice* is whether or not the petitioner met with an accident arising out of and in the course of his employment.

The facts are undisputed. The petitioner, a janitor in one of the public schools of the borough of South River, on the night in question went to church with his wife. and after the church services it was necessary that he pass the school. The night was extremely cold, and he decided to check up on the fires, which was his duty. He proceeded with his wife to June street where he left his wife, who went to his sister's home to a party, while he proceeded home to get the keys for the school which were in his working clothes. On the way to his home and close thereby, he fell, sustaining an injury. He subsequently obtained the keys, went to the school, checked the fires, and then went

to his sister's home where it was determined the injury needed the attention of a doctor.

At what time in petitioner's travels, after he left the church, separated from his wife, returned to his home and obtained the keys, returned to the school and then proceeded to his sister's home, did the petitioner place himself within the course of his employment?

In the course of employment means in the service of the master. *Shoffler* v. *Lehigh Valley Coal Co.* (*Penna. Sup. Ct.*, 1927), 139 *All. Rep.* 192.

Under the English cases the rule seems to be now settled where the risk is one common to all mankind it does not arise out of the employment. The exception to the rule is obvious. That exception is when the employment is such that it requires the employe, without any choice on his part, to submit to a risk of highway accidents, then the accident will arise out of the employment provided the employe is in the course of his employment.

The New Jersey cases follow the English ruling.

Stress is laid upon *Terlecki* v. *Strauss*, 85 *N. J. L.* 454; 89 *All. Rep.* 1023, by both attorneys in their briefs. Numerous cases are cited. I, personally, have made a study of not alone the cases covering accidents on highways and sidewalks covering this state, but the decisions of the various courts of the other states.

To cite these various cases would consume much space, but when fully analyzed I feel the decisions, the vast majority of them, are reflected in the *dicta* of Mr. Justice Swayze, on page 455 of the Terlicki *v.* Strauss case which states "The question whether the accident arose out of the employment is perhaps more doubtful. The employment was not indeed the proximate cause of the accident, but it was a cause in the sense that but for the employment the accident would not have happened. The employment was one of the necessary antecedents to the accident."

The United States Supreme Court has rendered decisions which to some degree are referable to the situation covering public highway accidents. *Cudahy Packing Co.* v.

*Parramore,* 263 *U. S.* 418; *Bountiful Brick Co.* v. *Giles,* 276 *U. S.* 154.

This later case cites the Cudahy Packing Co. *v.* Parramore case. In part it states as follows:

"The contention here, shortly stated, is that the accident was one which occurred off the premises of the employer on a public road, outside of the hours of employment, and while the employe was not engaged in any business of the employer; that it was not the result of any industrial risk but arose from a common peril to which the public generally was exposed; and that consequently liability is imposed arbitrarily and capriciously. It may be assumed that when an accident is in no manner related to the employment, an attempt to make the employment liable would be so clearly unreasonable and arbitrary as to subject it to the ban of the constitution; but where the accident has any such relation we should be cautious about declaring a state statute creating liability against an employer invalid upon that ground.

"* * * The fact that the accident happened upon a public road or at a railroad crossing and that the danger is one to which the general public is likewise exposed is not conclusive against the existence of such casual relationship, if the danger be one to which the employe, by reason of and in connection with the employment, is subjected peculiarly or to an abnormal degree."

In the case of *Bryant* v. *Fissell,* 84 *N. J. L.* 72; 86 *Atl. Rep.* 458, it was held that an accident arises "in the course of employment" if it occurs while the employe is doing what a man so employed may reasonably do in the time which he is reasonably employed and at a place where he may reasonably be during that time, and it arises "out of" the employment when it is something the risk of which may have been contemplated by a reasonable person entering the employment or incidental thereto.

In arriving at the same conclusion, Buckley, L. J., in *Fitzgerald* v. *Clarke & Son,* 2 *K. B.* 796, states the words "out of" point to the origin and cause of the accident; the words "in the course of" to the time, place, and circumstances

under which the accident takes place. The former words are descriptive of the character or quality of the accident. The latter words relate to the circumstances under which an accident of that character or quality takes place. The character or quality of the accident was conveyed by the words "out of" involve the idea that the accident is in some sense due to the employment. It must be an accident resulting from a risk reasonably incident to the employment.

That the petitioner had no thought of visiting the school is evidenced by the fact that he did not bring his key. He went to church with his wife, he left with her to go to his sister's home, the night was extremely cold, he concluded to look after the fires in the school, a duty imposed upon him by his employment. He left his wife at the intersection of William and June streets, he proceeded along June street to get his keys, the accident occurred but notwithstanding same, he proceeded to his home for the keys and subsequently attended to the fires at the school. The petitioner was doing what he was hired to do and doing same for the best interest of the employer. True it arose out of an emergency. Disregard of same would perhaps have imperiled the property of the respondent when he was injured by a peril of the street, his duty to his employer took him to that street though the occasion may have been of a rare and exceptional one.

I do hereby find. and determine that the petitioner has sustained the burden of proving that the accident arose out of and in the course of his employment.

\*       \*       \*       \*       \*       \*       \*

JOHN C. WEGNER,
*Deputy Commissioner.*