GOODYEAR TIRE & RUBBER CO. et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 6250.   Decided February 3, 1941.   (110 P. 2d 334.)

*Elias L. Day, A. E. Moreton,* and *Charles Welch, Jr.,* all of Salt Lake City, for plaintiffs.

*Grover A. Giles,* Atty. Gen., and *Frederick C. Loofbourow* and *Owen G. Reichman,* both of Salt Lake City, for defendants.

PRATT, Justice.

Lee James Harris, while riding a motorcycle owned by the Goodyear Tire & Rubber Company, lost control of the machine and crashed into the side of a residence, injuring himself. He was employed by that company as a service helper. He claimed compensation under the Workmen's Compensation Law of this state, Rev. St. 1933, 42-1-1 et seq. His application was granted by the Industrial Commission, which made the following finding of fact:

"On the 8th day of May, 1939 while employed by the defendant Goodyear Tire & Rubber Company at Salt Lake City, Utah, *while in the course of his duties as helper,* applicant sustained accidental injury in the following manner: Being required to work overtime the applicant rode a motorcycle owned by the Goodyear Tire & Rubber Company to his home for dinner and was accidentally injured on the return trip; the motor became unmanageable, left the road and crashed into the side of a private residence, badly crushing applicant's left leg below the knee; he also sustained contusions of the elbows and lower arms." (Italics added.)

The italicized phrase is not a finding of fact, but a conclusion of law, and therefore not binding upon the court. As a matter of fact, that phrase probably expresses the issue in the case as well as any other. The company applied for this writ of certiorari.

The facts are these: On the night in question—May 8, 1939—Harris was working overtime. Before the work was finished, he borrowed the company motorcycle, drove home for dinner, took his little sister for a ride, ate his dinner; and on his return trip met with the accident. These facts are undisputed. There is a conflict in the testimony as to whether or not Harris was specifically directed to go to dinner at the time, or went against orders; but this conflict is immaterial so far as the facts of this case are concerned. The right to compensation here is not governed by a specific direction to go to dinner as distinguished from such a trip made pursuant to a general rule as to mealtime for employees. The specific direction merely fixed the time of going, but did not control Harris' actions while going to, eating, or returning from, dinner. Stress has been laid upon the fact that Harris was working overtime and the accident did not happen during regular hours of work. That, too, we believe to be immaterial, as no effort was made to control his actions while absent for dinner. That he may have taken the motorcycle with or without authority does not change the situation here. It is not contended that he was furnished a defective conveyance for his trip. The question is: In whose interest did he make the trip home for dinner?

In the case of *Morgan* v. *Industrial Commission,* 92 Utah 129, 66 P. (2d) 144, the law applicable to the present case is very clearly set out. It not only sets out the principle applicable to employees going to and from work, but includes a situation where the work performed for the employer was not during regular hours—it was on a holiday. Furthermore, the court there held, in effect, that even though the employee had entered upon his employment duties at an irregular hour—overtime it may be called—he was not on that duty during interruptions such as the eating of his lunch, or the entertaining of visitors at home. Thus we see from that case the irregularity of the time of the performance of the acts does not prevent recovery of compensation where the party is entitled to recovery, nor

does it make those acts a performance of a duty the major factor of which is in the interest of the employee.

When Harris left for dinner either by specific direction, or aginst instructions, as the case may be, he entered upon the performance of acts which were entirely in his own interest. It would have made no difference had he not taken his sister for a ride. Her entertainment paralleled the entertainment of friends in the Morgan case, supra. Harris' dinner and Morgan's lunch were in the same category. The difference in the two cases lies in the trips back and forth. In the Morgan Case, the employer's interest induced the trip on the holiday, whereas Harris went back and forth in his own interest—for his meal. For that reason we are of the opinion that Mr. Harris is not entitled to compensation. See, also, *Fidelity & Casualty Co. et al.* v. *Industrial Commission et al.,* 79 Utah 189, 8 P. (2d) 617, and cases therein cited.

It is suggested that as Harris was to be paid for a period of time covering his absence, it was an indication that he was traveling in the interest of his employer when injured. Evidence of such a payment or such an intended payment may have some probative value as proof of the employer's control of the employee when absent, but in the face of the clear and greatly preponderating evidence in this case of a total lack of such control, there is no justification for concluding that the employer's interests were the major factor in Harris' trip home and back in order to get his lunch.

The decision of the Industrial Commission is vacated and set aside.

MOFFAT, C. J., and McDONOUGH, J., concur.

WOLFE, Justice (concurring in the result).

If the case of *Morgan* v. *Industrial Comm. of Utah,* 92 Utah 129, 66 P. (2d) 144, is correctly decided it is directly in point for the application herein and should be conclusive. But I do not think it was correctly decided.

In the case of *Linnane* v. *Aetna Brewing Co.*, 91 Conn. 158, 99 A. 507, 509, L. R. A. 1917D, 77, an employee was asked over the telephone to come down to fix a boiler. Due to exposure on his way down he contracted pneumonia. The court said two questions of law were presented. First, whether the decedent sustained "a personal injury" within the meaning of the statute; and, second, whether it arose out of and in the course of the employment. The court answered the first question in the negative and *did not consider the second question.* But in the case of *Lake* v. *City of Bridgeport,* 102 Conn. 337, 128 A. 782, 784, the court said: "The significant point of the case [Linnane Case] is that the exposure and exhaustion incurred on the highway are treated in the opinion as arising out of and in the course of decedent's employment." But nowhere in the Linnane case is it so held. The Lake case simply states that the Linnane case so held. In the Lake case it was said the policeman called on special police duty at the Strand Theatre in Bridgeport was subject to the control of his superiors while on his way. They "had jurisdiction to control his movements by directing him to proceed *to any given place within the city limits at any time."* (Italics added.)

I think that the Linnane case and the Lake case can both be distinguished from the Morgan case, in that in both those cases the employee was not returning to his locale of duty to perform his ordinary work, but for special purposes, and in one the master had authority at any time to divert the officer to other assignments. He was, therefore, in his master's employ from the moment he left the house. It was that which constituted the errand special. But where an employee is returning to do overtime work of the same nature as his regular work and where he stays over the regular time to perform it, he cannot be said to be on a special errand for his employer. Morgan was, within limits, his own boss. He had certain duties to perform at the school. Whether he performed them during regular hours or during such times as he might himself choose, would not put him on the course

of a special errand so as to make his coming to and going from the locale of his work a part of the special errand. I am forced, therefore, to conclude that the Morgan case was wrongly decided and that my own concurring opinion failed to note the distinction between ordinary work performed out of hours—there being just more of it done—and the special errand where the employment sets the traveller forth upon a journey for some special purpose and exposes him to its perils.

I do not think this case and the Morgan case can both stand. They are indistinguishable on the facts. In the Morgan case, Morgan while doing business on a Sunday at the school for the school district, his employer, went home to get a key which he had forgotten. The journey was necessitated by Morgan's own forgetfulness. We may admit for the purposes of the reasoning that if he had just gone from the school to his home and back again to the school he might still have been in his employer's business even though it was occasioned by his own neglect. But after he got home, he at lunch, cut the grass, entertained guests and did not return to the school for a number of hours. Certainly during that interval he must have departed from his employer's business. When then did he attach himself to it again? *When he started on his journey back to the school.* That case may, therefore, be considered as if he had never been to the school previously on that day but had started out for the first time with the key on the journey in which he was injured. But he was on his way to perform tasks which were ordinarily incident to his duties as principal.

In this case Harris stayed after his regular hour of duty that is overtime and then went home to eat intending to return to perform more of the kind of work he ordinarly did. He detached himself from his employment for the purpose of eating. When he was in the act of returning, like Morgan he was injured.

I hope I have shown that the distinction sought to be made in the prevailing opinion that in the Morgan case "the employer's interest induced the trip on the holiday, whereas

Harris went back and forth in his own interest for his meal" is not a tenable distinction when the two cases are viewed as they should be, that is, *from the point of departure from the home to the place of business*. Certainly Harris was just as much in the interest of his employer when he took himself to work after hours (equivalent to the holiday trip of Morgan) as was Morgan when he took the key down to his place of employment on the holiday.

But I must concur on the ground that this case is correctly decided but the Morgan case was not.

LARSON, J., being disqualified, did not participate herein.