### FORREST E. GILMORE CO. et al. v. SHIPLEY et al.

No. 23351. Opinion Filed May 10, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Warren B. Phillips, for respondent Shipley.

CULLISON, J. This is an original proceeding before this court to review an award made to Clayton Shipley on the 11th day of January, 1932, by the State Industrial Commission.

The record discloses that claimant sustained a back injury on the 12th day of August, 1929, while employed by petitioners. Pursuant to hearings had in this cause, the Commission entered its order and award January 11, 1932, which is as follows (omitting caption):

"Order.

"Now, on this 11th day of January, 1932, the State Industrial Commission being regularly in session, the cause comes on for consideration in its regular order pursuant to hearings had at Oklahoma City, Okla., on the 13th day of November, 1931, and the 18th day of November, 1931, before Inspector W. A. McInnes, duly assigned to hear said cause, and relative to depositions taken, which are filed in this cause; said cause coming on for hearing on the motion of the claimant to reopen said cause and award further compensation, and the claimant appearing in person and by his attorney, Warren B. Phillips, and the respondent and insurance carrier being represented by Urey Howard.

"And the Commission after reviewing the testimony taken at said hearing, and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That on the 12th day of August, 1929, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, he sustained an accidental injury, arising out of and in the course of his employment by receiving a severe strain and injury to his back.

"(2) That the average daily wage of claimant at the time of said accidental injury was $5 per day.

"(3) That by reason of said accidental injury, the claimant was temporarily totally disabled from the performance of ordinary manual labor from the 12th day of August, 1929, to the 21st day of August, 1929, or three days beyond the five day waiting period, for which he was paid compensation.

"(4) That since the signing of form 7, stipulation and receipt on the 3rd day of September, 1929, the claimant has suffered a change in his condition for the worse, and that as a direct result of said accidental injury and the change in his condition for the worse due to said accidental injury, claimant's wage-earning capacity has decreased in the same employment or otherwise from five dollars per day to two dollars per day by reason of his permanent partial disability.

"(5) That by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to sixty-six and two-thirds per centum of the difference between his average daily wage at the time of the accidental injury, and his wage-earning capacity thereafter, payable during the continuance of such permanent partial disability, not to exceed three hundred weeks.

"Upon consideration of the foregoing facts: The Commission is of the opinion that claimant is entitled to compensation at the rate of $11.54 per week, not to exceed a period of three hundred weeks, from the 16th day of June, 1931, subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon application of any party in interest. Computing said compensation from the 16th day of June, 1931, to the present time, makes the sum of $340.43 due on this date, January 7, 1931 [1932].

"It is further ordered: That within fifteen days from this date the respondent or its insurance carrier pay to the claimant the sum of $340.43, being 29 weeks and 3 days compensation at the rate of $11.54 per week, computed from June 16, 1931, to January 7, 1931 [1932], and to continue compensation thereafter at the rate of $11.54 per

week until a period of 300 weeks have been paid, or until otherwise ordered by the Commission.

"It is further ordered: That within thirty days from this date the respondent or its insurance carrier file with the Commission proper receipts or other report evidencing compliance with the terms of this order.

"Upon the adoption of the foregoing order the roll was called and the following voted aye: Doyle, Chairman; Fannin, Commissioner, absent. McElroy, Commissioner."

"WAM: (Seal)

Petitioners direct their specification of error at the fourth finding of the award, supra, and contend:

### Proposition 1.

"There is no competent evidence in the record to show that the claimant's earning capacity has been decreased from $5 before the injury to $2 after the injury."

Petitioners further state in their brief: "We concede that if there is any competent evidence in the record to show that the claimant's earning capacity has been decreased to $2 per day, that the Commission correctly based the compensation awarded on the difference between his earning capacity before and after the injury, in the same employment or otherwise."

This necessitates an examination of that part of the record having reference to the earning capacity of claimant subsequent to his injury.

The claimant testified that he had been troubled with his back constantly from the time of the injury, and that his condition had grown worse; that there had been times when he would not be able to do his work on account of the condition of his back, and to sustain his contention he testified that he had voluntarily laid off when he had been receiving $6.50 per day. The claimant stated that his condition had gradually grown worse; that although he had been offered several jobs he had been unable to work or earn any money for several months at the time of the trial; that he did at all times work when he was able to work, and had been offered several jobs after he ceased to be able to work. Doctors J. A. Knight and T. H. Briggs testified as to the claimant having a fracture and that he was permanently disabled. The claimant further testified:

"Q. Clayton, what has been your average earning figure on a weekly basis, from the time of that injury up to this time? (Objected to.) Q. Have you made such a calculation as to know what your average earnings are, figured from the injury up to now? A. About $8 a week. Q. Answer yes or no. A. Yes, sir. Q. How much a week have you earned on an average? A. About $8."

We observe that $8 a week is a much lower rate than that of $2 per day. We further observe that claimant described with great particularity his employers, the amount of wages received from them during his periods of employment since the injury, and his physical condition. Claimant testified, in substance, that his wages had been higher than those received by him while working for petitioners, but that his physical condition since the injury precluded him from working full time, and that at the time of the hearing he was unable to perform hard labor.

The claimant's testimony in these matters is corroborated by other testimony adduced at the said hearings.

Under this record, we are unwilling to agree with petitioner's contention that the Commission's fourth finding, supra, is not supported by competent evidence.

One of the most usual burdens imposed upon this court in this class of cases is to be compelled to declare over and over again that the court is powerless to disturb findings which are reasonably supported by competent evidence. See Nash-Finch Co. v. Olen M. Harned et al., 141 Okla. 187, 284 P. 633.

In the present case there is competent evidence to support the finding that "claimant's earning capacity has decreased in the same employment or otherwise from five dollars per day to two dollars per day by reason of his permanent partial disability." That question is therefore dismissed without further consideration.

The award of the State Industrial Commission is affirmed.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116. (2) 28 R C. L. 823; R. C. L. Perm. Supp. 6247.